## Faxon Land Company v. Laubach

*Williamson & Cupp,* for plaintiff.

*Thomas Wood,* for defendant.

WILLIAMS, P. J., March 20, 1956.—Faxon Land Company has sued J. Paul Laubach in equity and has asked that he be restrained from allowing a drain pipe to remain on the property of the Faxon Land Company. It is alleged in the complaint that defendant

Laubach has wantonly trespassed and has thrown water over plaintiff's lots.

The Commonwealth of Pennsylvania has intervened as a defendant in the action. Preliminary objections have been raised by both defendant Laubach and the Commonwealth. By agreement, the Commonwealth objections are to be first decided.

The Commonwealth has raised the question of jurisdiction. The Commonwealth alleges that defendant Laubach is performing the work concerned as a contractor under contract with the Department of Highways and that the relief sought, if granted, would serve to restrain the Secretary of Highways from performing his official acts as the same are prescribed by the laws of the Commonwealth of Pennsylvania. The preliminary objections allege that such an action is, in effect, one against the head of an executive department of the Commonwealth and that such an action may only be brought in the Court of Common Pleas of Dauphin County.

Rule of Civil Procedure 1503(c) reads as follows:

"An action against the head of an executive or administrative department, a departmental administrative board or commission or an independent administrative board or commission, or an officer or instrumentality of the Commonwealth may be brought in and only in Dauphin County."

Faxon Land Company did not sue the Commonwealth of Pennsylvania. It sued contractor Laubach. There is no question, however, that contractor Laubach was acting at the direction of the Secretary of Highways. The Secretary of Highways has such an interest in the matter that a decree could not be entered without affecting the Commonwealth. The Commonwealth is an indispensable party to this proceeding.

Indirectly, this is a suit against the Commonwealth and attempts to enjoin the construction of a part of

a State highway. The Commonwealth is a sovereign. It can choose its own court, and has chosen Dauphin County. The suit may only be brought in Dauphin County, whether or not the defendants have trespassed: Zaengle v. Buckius, District Engineer, 20 D. & C. 373; Shoey v. Jones, 65 D. & C. 301; Merner v. Department of Highways, 375 Pa. 609.

*Order of Court*

And now, March 20, 1956, this bill is dismissed, costs on complainant.