## Alger-Rau & Associates, Inc. *v.* General State Authority.

Argued December 5, 1972, before President Judge BOWMAN and Judges CRUMISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Norman I. White,* with him *Edward C. First, Jr.,* and *McNees, Wallace & Nurick,* for appellant.

*John A. Alogna,* Assistant Counsel, with him *H. E. Cardoni,* Assistant General Counsel, and *Michael A. Madar,* General Counsel, for appellee.

OPINION BY JUDGE ROGERS, January 9, 1973:

Alger-Rau & Associates, Inc., the general contractor of a building for the Commonwealth, has appealed from a decision of the Board of Arbitration and Claims dismissing its claim for expenses occasioned by delay of the work. The delay was caused by the failure of the subsoil at the site to support specified load tests, ultimately cured by the installation of additional footings.

The Commonwealth has moved to quash this appeal for untimeliness. The Board's decision dismissing Alger-Rau's claim was made June 6, 1972. A copy of

that decision was sent to Alger-Rau on June 19, 1972 and service accepted June 21, 1972. Appellant did not file its appeal in this Court until July 18, 1972, 42 days after its claim was dismissed. Appeals from the Board of Arbitration of Claims are governed by Section 8(b) of the Act of May 20, 1937, P. L. 728, as amended, 72 P.S. §4651-8(b),[1] which provides: *"Within thirty (30) days after dismissing the claim or making an award,* any party aggrieved thereby, including the Commonwealth, shall have a right of appeal therefrom." (Emphasis supplied.)

Appellant contends that the statute applicable to its appeal is Section 41 of the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, 71 P.S. §1710.41, providing for appeal from an adjudication of a state agency within thirty days after service of the adjudication. The difficulty with this contention, in addition to that presented by the specificity of the Act of May 20, 1937, P. L. 728, is that by Section 51(b) of the Law, 71 P.S. §1710.51(b), Section 41 is not applicable to the Board of Arbitration of Claims.

The Commonwealth of Pennsylvania is a sovereign entity and can be sued only as it consents to be. By the Act of May 20, 1937, P. L. 728, the Legislature enacted a comprehensive scheme for the adjustment of claims against the Commonwealth arising from contracts entered into by it. Those provisions are exclusive and must be strictly pursued. Act of March 21, 1806, P. L. 558, 46 P.S. §156; *In Re*: *Annexation of a Portion of the Township of Franklin by the Borough of Delmont,* 2 Pa. Commonwealth Ct. 496, 276 A. 2d 549 (1971).

---

[1] Section 509(f) of the Appellate Court Jurisdiction Act of 1970 (ACJA), Act of July 31, 1970, P. L. 673, as amended, 17 P.S. §211.509(f), repeals all acts and parts of acts inconsistent with the ACJA. Section 8(b) of the Act of May 20, 1937, however, is not inconsistent with Section 502 of the ACJA requiring an appeal to be taken within 30 days of entry of order.

The courts have no power to extend the period for taking appeals, absent fraud or a breakdown in the court's operation through a default of its officers. *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938) ; *In Re: Annexation of a Portion of the Township of Franklin by the Borough of Delmont, supra.* Appellant makes no argument based upon the narrow exceptions mentioned, nor can it. A copy of the Board's opinion was not sent to the appellant until 13 days after the Board made its decision. Although the Board was dilatory, the appellant nevertheless had opportunity thereafter to file a timely appeal. *Compare Nixon v. Nixon, supra.* In *Malis v. Lieberman,* 439 Pa. 602, 266 A. 2d 745 (1970), a late appeal was quashed although notice of a decision, required to be appealed within 15 days, was not provided until six days after its entry.

We have reviewed the record and are impelled to add that the Board correctly dismissed the claim on the authority of *Branna Construction Corporation v. West Allegheny Joint School Authority,* 430 Pa. 214, 242 A. 2d 244 (1968).

Appeal quashed.