**Brocker Manufacturing & Supply Company, Inc.**
**v. United Bonding & Insurance Company, et al.**

Argued December 4, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Peter D. Solymos,* with him *Lewis H. Markowitz* and *Markowitz, Kagen & Griffith,* for plaintiff.

*Arthur L. Pressman,* with him *Kenneth M. Cushman* and, of counsel, *Pepper, Hamilton & Scheetz,* for defendant, United Bonding & Insurance Company.

OPINION BY JUDGE CRUMLISH, JR., March 9, 1973:

This is an action by plaintiff subcontractor, Brocker Manufacturing and Supply Company, Inc., seeking to recover reimbursement for steel reinforcing bars allegedly supplied to the prime contractor, Doral Construction Company, Inc. who used same in the construction of the Pine Creek Inflatable Dam. The defendant surety, United Bonding and Insurance Company, has raised Preliminary Objections to plaintiff subcontractor's complaint asserting that (1) the Board of Arbitration of Claims is the only forum before which a claim of such a nature can be initially presented against the Commonwealth, and (2) that the statute of limitations for the presentation of such a claim against the Department of Forest & Waters and the surety have lapsed for failure to sue within the times prescribed by the relevant statutes. We agree with the defendant surety's first contention concerning jurisdiction of this Court, and therefore find it unnecessary to discuss the second allegation.

The Appellate Court Jurisdiction Act of 1970 provides that:

"(a)  The Commonwealth Court shall have original jurisdiction of:

"(1)  All civil actions or proceedings against the Commonwealth or any officer thereof, acting in his official capacity. . . ." Act of July 31, 1970, P. L. 673, No. 223, Article IV, §401, 17 P.S. §211.401(a)(1).

The repeals and savings provision of the Appellate Court Jurisdiction Act of 1970 provides at 17 P.S. §211.509(e)(2) that:

"(c) Nothing in this act contained shall repeal, modify or supplant any law insofar as it confers authority, power or jurisdiction upon either:

"(2) The Board of Arbitration of Claims. . . ."

Therefore, it is clear that the "authority, power and jurisdiction" of the Board of Arbitration of Claims is insulated from the operation of the Appellate Court Jurisdiction Act of 1970. *Alger-Rau & Associates, Inc. v. General State Authority,* 7 Pa. Commonwealth Ct. 71, 298 A. 2d 916 (1972) ; *Armour Rentals, Inc. v. General State Authority,* 4 Pa. Commonwealth Ct. 517, 287 A. 2d 862 (1972).

The Board of Arbitration of Claims was created ". . . to arbitrate claims against the Commonwealth arising from contracts entered into by the Commonwealth. . . ." Act of May 20, 1937, P. L. 728, as amended, 72 P.S. §4651-1. 72 P.S. §4651-4 extends jurisdiction of the Board to those contracts entered into "with the Commonwealth."

The plaintiff subcontractor in this case is seeking reimbursement from the prime contractor who was hired by the Department of Forests & Waters, the Department of the Commonwealth from which the funds for the project flow.[1]

The defendant's position is that *Armour Rentals, Inc., supra,* dictates a decision that the Board of Arbitration of Claims has jurisdiction over the claim of the plaintiff since this is a claim arising from a contract "with the Commonwealth."

In *Armour Rentals, Inc., supra,* this Court concluded that the Board of Arbitration of Claims was the proper forum for a claim by a subcontractor who contended that the Commonwealth wrongfully released

---

[1] As required by the Act of December 20, 1967, P. L. 869, 8 P.S. §191 et seq., the contractor furnished a payment bond for the protection of unpaid suppliers of labor and materials through the defendant surety.

funds to the prime contractor, who in turn unjustly enriched himself at the expense of the subcontractor.

The plaintiff seeks to distinguish *Armour Rentals, Inc., supra,* by arguing that the Commonwealth has not wrongfully released funds here as in *Armour,* but the Commonwealth is a mere stakeholder in the transaction, with whom the plaintiff has no quarrel or contractual dispute. Their dispute is with the prime contractor.

The question that naturally follows the statement of such a position is, if there is no contractual dispute with the Commonwealth, why was suit instituted in this Court naming the Commonwealth as a defendant? The plaintiff's reply is that the Commonwealth as a stakeholder has an indispensable interest in any litigation between the other parties to this action, and has a right and duty to be joined as a party. The plaintiff contends that this Court is the only tribunal, pursuant to the Appellate Court Jurisdiction Act, which can properly hear this matter.[2] We disagree.

The plaintiff's position provides a distinction from *Armour Rentals, Inc., supra,* albeit a distinction without substance. The Commonwealth is not completely isolated from the contractual dispute between the subcontractor and contractor, because the Commonwealth ultimately must pay for the work completed. A dispute between the contractor and subcontractor to a contract of which the Commonwealth is also a party necessarily affects the Commonwealth, and falls within the jurisdiction of the Board of Arbitration of Claims to arbi-

---

[2] The plaintiff cites *Faxon Land Co. v. Laubach,* 7 Pa. D. & C. 2d 32 (1956) as support for its position that the Commonwealth is an indispensable party and that the Commonwealth Court is the proper forum for such an action. *Faxon,* however, is clearly distinguishable from the case at hand. In *Faxon* there was no contract involved as in this case and the action in equity was against a contractor who performed work for the Commonwealth by a plaintiff landowner who alleged a trespass on plaintiff's land.

114

trate claims "against the Commonwealth arising from contracts hereafter entered into with the Commonwealth."[3]

## ORDER

AND Now, this 9th day of March, 1973, the preliminary objections of the defendant to the jurisdiction of this Court are sustained, and the plaintiff's complaint is dismissed.

[3] Act of May 20, 1937, P. L. 728, §1 as amended, 72 P.S. §4651-1.