Commonwealth of Pennsylvania, The General State Authority *v.* Van Cor, Inc. Commonwealth of Pennsylvania, The General State Authority, Appellant.

Submitted on briefs, October 5, 1976, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*Michael A. Madar*, Chief Counsel, with him *Arnold L. Wainstein*, Assistant Counsel, and *Richard D. Holahan*, Assistant General Counsel, for appellant.

*Jerome Poltenstein*, for appellees.

OPINION BY JUDGE ROGERS, November 22, 1976:

The appellee, Van Cor, Inc., a builder, entered into a contract with the Pennsylvania College of Podiatric Medicine on January 28, 1971 to construct a building. On April 26, 1971, the appellee entered into a subcontract with the plaintiff below, Selby Battersby & Company, for the construction of certain flooring in the subject building. With the consent of Van Cor, Inc. the Pennsylvaia College of Podiatric Medicine assigned its rights under the contract to the appellant, The

General State Authority (GSA).[1] Selby Battersby & Company sued Van Cor, Inc. in assumpsit in the Court of Common Pleas of Philadelphia County seeking damages for improper performance. Van Cor, Inc. then sought to join the College and GSA as additional defendants by filing third party complaints against each. It seeks judgment against GSA in excess of $238,000 for money allegedly due it by contract and unpaid by GSA.

This is GSA's appeal from an order of the Common Pleas Court of Philadelphia County dismissing GSA's preliminary objections to Van Cor, Inc.'s complaint against GSA. GSA says that the Common Pleas Court of Philadelphia County has no jurisdiction because Section 4 of the Board of Arbitration of Claims Act[2] gives exclusive jurisdiction of all claims against the Commonwealth arising from contracts to the Board of Arbitration of Claims. We agree, as we have previously. *Kreider v. Commonwealth,* 9 Pa. Commonwealth Ct. 491, 308 A.2d 642 (1973).

"The Commonwealth of Pennsylvania is a sovereign entity and can be sued only as it consents to be." *Alger-Rau & Associates, Inc. v. General State Authority,* 7 Pa. Commonwealth Ct. 71, 73, 298 A.2d 916, 917 (1973). When waiving its immunity with respect to contracts, the Commonwealth created statutory limitations, one of which was the establishment of the Board of Arbitration of Claims as the forum for such suits. In the instant case, Van Cor, Inc. con-

[1] The functions, powers and duties of The General State Authority were transferred to the Department of General Services by the Act of July 22, 1975, P.L. 75.

[2] The Act of May 20, 1937, P.L. 728, §4, *as amended,* 72 P.S. 4651-4, states: "The Board of Arbitration shall have jurisdiction to hear and determine all claims against the Commonwealth arising from contracts hereafter entered into with the Commonwealth, where the amount in controversy amounts to $300.00 or more."

sented to the College's assignment of the contract to The General State Authority in an agreement which stated in part:

> And the undersigned contractor hereby agrees that in the case of all questions and disputes arising between The General State Authority and the Contractor respecting any matter pertaining to said contract or any part thereof, or any breach of said contract arising thereunder, shall be determined by the Board of Arbitration of Claims created by Act No. 193, approved May 20, 1937, P.L. 728, 72 P.S. 4651, its supplements and amendments and in the manner and under the terms and condition as provided therein.

Van Cor, Inc. could not have brought an original action against GSA on its claim as stated in the Court of Common Pleas. It cannot bring an action in that court for the same cause by joining GSA as an additional defendant:

> A dispute between the contractor and subcontractor to a contract of which the Commonwealth is also a party necessarily affects the Commonwealth, and falls within the jurisdiction of the Board of Arbitration of Claims to arbitrate claims 'against the Commonwealth arising from contracts [hereafter] entered into [with] the Commonwealth.'[3]

*Brocker Manufacturing & Supply Company, Inc. v. United Bonding & Insurance Company*, 8 Pa. Commonwealth Ct. 110, 113-14, 301 A.2d 438, 440 (1973).

Van Cor, Inc. argues that, since GSA's preliminary objections said that the lower court had no jurisdiction without saying that the Board of Arbitration of Claims did, it may not point out to this Court that the

---

"[3] Act of May 20, 1937, P.L. 728, as amended, 72 P.S. §4651-1."

Board had jurisdiction. The question is not who had jurisdiction other than the Court of Common Pleas, but whether that court had jurisdiction. It had none.

ORDER

AND Now, this 22nd day of November, 1976, the order of January 20, 1975 of the Court of Common Pleas of Philadelphia County is reversed and the complaint of Van Cor, Inc. against The General State Authority is dismissed.