Fred S. James & Co., Inc., of Pennsylvania, Petitioner *v.* Commonwealth of Pennsylvania, Board of Arbitration of Claims, Commonwealth of Pennsylvania, Department of General Services and Miller's Mutual Insurance Company, Respondents.

Argued March 7, 1979, before President Judge BOWMAN and Judges WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE and MACPHAIL. Judges CRUMLISH, JR. and CRAIG did not participate.

*Clyde W. McIntyre,* with him *Delano M. Lantz,* and, of counsel, *McNees, Wallace & Nurick,* for petitioner.

*John L. Sweezy,* Assistant Attorney General, with him *Theodore A. Adler,* Chief Counsel, and *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE DISALLE, July 17, 1979:

This petition for review raises the question of the jurisdiction of the Board of Arbitration of Claims (Board) over Fred S. James & Company, Inc. (Appellant), an ''additional defendant'' in a suit brought by Miller's Mutual Insurance Company (Miller) against the Commonwealth of Pennsylvania, Department of General Services (Commonwealth).

Miller's suit was instituted on November 30, 1976, to recover an amount allegedly owing to it for the earned but unpaid premium on a thirty-day fire insurance binder covering certain Commonwealth-owned

properties from October 1, 1976, to November 28, 1976. This action occurred after the Commonwealth, on October 28, 1976, attempted to cancel the binder retroactively. Miller refused the retroactive cancellation, claiming that it had performed its obligations under the contract, and had become legally responsible for risks of loss to the insured properties, and that the Commonwealth had accepted the benefit of the protection of such insurance.

On August 16, 1977, the Commonwealth, after its motion for allowance of joinder was approved by the Board, joined Appellant as an additional defendant. In so doing, the Commonwealth averred that Appellant, by reason of having been the broker for an insurance company which had issued a policy of insurance to the Commonwealth covering the same properties for the preceding year, owed certain fiduciary duties to the Commonwealth. These duties were allegedly tortiously breached when Appellant failed to disclose certain information to the Commonwealth relating to Appellant's purported involvement as reinsurance broker on the coverage ultimately offered by Miller. The Commonwealth further averred that Appellant and Miller unlawfully conspired to fix prices for insurance coverage on the properties in violation of Section 5(a)(4) of the Unfair Insurance Practices Act, Act of July 22, 1974, P.L. 589, *as amended*, 40 P.S. §1171.5(a)(4). Thereafter, Appellant filed preliminary objections to the joinder raising questions of jurisdiction and including a demurrer. The Board dismissed the preliminary objections and certified that the dismissal of the preliminary objections involved a controlling question of law. Appellant then filed for permission to appeal to this Court which was granted on May 5, 1978.[1] We reverse.

---

[1] Two other related appeals were filed in this Court by Appellant, both of which are now admittedly moot. The first, a petition

Section 1 of the Act of May 20, 1937 (Act), P.L. 728, *as amended*, 72 P.S. §4651-1, created the "Board of Arbitration of Claims" and provided that "the duty of [the Board] shall be to arbitrate claims *against* the Commonwealth arising from contracts entered into by the Commonwealth."[2] (Emphasis added.) It is apparent, therefore, that the jurisdiction of the Board is limited in scope. *Pennsylvania Turnpike Commission v. Sanders & Thomas, Inc.*, 461 Pa. 420, 336 A.2d 609 (1975). We have repeatedly recognized the limited nature of the Board's jurisdiction, but have also held that the Commonwealth may compel third parties to be brought into the proceedings. After service has been effectuated, however, these third parties may raise, through preliminary objections, any cognizable jurisdictional argument. *General State Authority v. J. C. Orr & Son, Inc.*, 17 Pa. Commonwealth Ct. 433, 332 A.2d 832 (1975). Appellant argues, through its preliminary objections, that the Board is without jurisdiction to hear and decide the Commonwealth's claim that Appellant is liable over to it since such liability is predicated in tort.

---

for review from the Board's order dismissing only those preliminary objections relating to jurisdiction, was quashed on motion of the Commonwealth by order of President Judge BOWMAN of this Court. The Supreme Court thereafter refused to grant allocatur. The second, a petition for review from the Board's order dismissing all preliminary objections but challenged only with respect to the jurisdictional issues, was also quashed by this Court.

[2] Section 4 of the Act, 72 P.S. §4651-4, restates the jurisdictional mandate of the Board: "to hear and determine all claims against the Commonwealth arising from contracts hereafter entered into with the Commonwealth, where the amount in controversy amounts to $300.00 or more." The Act of October 5, 1978, P.L. 1104, extensively amended the Act of May 20, 1937, P.L. 728, *as amended*. The amending act abolished the Board of Arbitration of Claims by Section 7 and created a new independent administrative board, known as the Board of Claims, by Section 2. The jurisdiction of the Board of Claims is set forth in Section 3 of the amending act.

We note initially that the Act contains no provision for jurisdiction to be had by the Board where the Commonwealth is the moving party. *General State Authority v. Sutter Corp.*, 24 Pa. Commonwealth Ct. 391, 356 A.2d 377 (1976). Rather, 42 Pa. C.S. §761 confers on this Court original jurisdiction over all civil actions brought by the Commonwealth. The question we are faced with then is whether this general rule can be vitiated where the Commonwealth is a defendant to an action but nevertheless attempts to hold a party liable over to it in tort on the basis that such liability arises out of a contractual relationship.

What we stated in *United Brokers Mortgage Co. v. Fidelity Philadelphia Trust Co.*, 26 Pa. Commonwealth Ct. 260, 363 A.2d 817 (1976), seems particularly appropriate here. In that case, the Board was held to have jurisdiction over a contractual dispute involving a private party when such party was sued with and as an agent of certain instrumentalities of the Commonwealth and when the acts of the private party were inextricably entwined with those of the defendant instrumentalities. However, the Board was held not to have jurisdiction of an action in tort arising out of the contractual relationship when it was brought solely against the private party acting as an agent of the instrumentalities of the Commonwealth. With regard to our determination that the Board was without jurisdiction over the tort claim, President Judge Bowman remarked:

> Neither precepts of judicial economy nor the promotion of the orderly administration of justice can be extended to afford ancillary jurisdiction to the Board to hear a tort claim against [a private party] because it assertedly arises out of a multi-contract relationship involving [the instrumentalities of the Commonwealth].

*Id.* at 268, 363 A.2d at 822.

This reasoning lends much support to Appellant's position. We cannot avoid the conclusion that the Board does not have ancillary jurisdiction over claims sounding in trespass.

The question not resolved in *United Brokers Mortgage Co.*, however, is whether the Board can nevertheless assume jurisdiction when the private party is not sued directly but is brought into the action as an additional defendant. Resolution of this question may be readily made by reference to *General State Authority v. Van Cor, Inc.*, 27 Pa. Commonwealth Ct. 203, 365 A.2d 1350 (1976). Van Cor, a prime contractor, was sued in the Common Pleas Court by a subcontractor. Thereafter, Van Cor brought the General State Authority (GSA) into the proceedings as an additional defendant. Upon appeal of the lower court's dismissal of the preliminary objections filed by GSA, we reversed and held that since Van Cor could not have brought an original action against GSA on its claim as stated in the Court of Common Pleas, it could not bring an action in that Court for the same cause by joining GSA as an additional defendant.

When we view the case at bar, it is clear beyond peradventure that the Commonwealth could not have brought an action against Appellant for breach of fiduciary duties, fraud, and conspiracy before the Board. It follows, therefore that the Commonwealth cannot achieve this result indirectly by attempting to bring Appellant into the action as an additional defendant to assert such claims. Having decided this threshold jurisdictional question in Appellant's favor, we need not address the remaining preliminary objections.

Accordingly, we reverse.

## ORDER

AND Now, this 17th day of July, 1979, the order of the Board of Arbitration of Claims, dated March 21, 1978, is hereby reversed and the preliminary objection filed by Fred S. James & Company, Inc., of Pennsylvania, to the Complaint of the Commonwealth of Pennsylvania raising a question of jurisdiction is sustained, and said Complaint dismissed.