Mercer Raceway, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued September 18, 1981, before Judges Rogers, Williams, Jr. and Palladino, sitting as a panel of three.

*William G. McConnell,* with him *P. Raymond Bartholomew, Cusick, Madden, Joyce and McKay,* for petitioner.

*Carleton O. Strouss,* Assistant Attorney, with him *Ward T. Williams,* Chief Counsel, for respondent.

Opinion by Judge Rogers, October 14, 1981:

Mercer Raceway, Inc. sued the Commonwealth, Department of Transportation (PennDOT) in the Board of Arbitration for Claims for breach of the terms of a written lease by which Mercer rented to PennDOT a tract of ground 300 feet by 600 feet for the storage of material and equipment. Mercer alleges that the

boundaries of the area leased did not include adjacent land owned by Mercer which was encumbered by an electric power line right-of-way; that certain Penn-DOT employees promised Mercer that the written lease would contain provisions securing Mercer against damages which might arise through Penn-DOT's activities on the site; that Mercer's owners signed a form of lease provided by PennDOT which PennDOT was to complete; that the provisions for security against damages were not thereafter placed in the lease by PennDOT; that Mercer was sued in the Court of Common Pleas of Allegheny County by a PennDOT employee who lost his legs as the result of electrical burns while working on a materials pile in the area of the electrical right-of-way not included in the leased premises; and that Mercer incurred more than $13,000 in attorneys' fees in successfully defending the suit, for which it seeks judgment against the Commonwealth for the latter's breach of the lease.

In addition, Mercer also seeks judgment in the amount of about $300 because PennDOT left its materials on the leased property after the termination of the lease. On this subject, Mercer alleges that it refused PennDOT permission to remove its materials until the Commonwealth provided "indemnification" —for its attorneys' costs in the other suit, we presume.

PennDOT filed a number of preliminary objections. It demurred to the claim for reimbursement of attorneys' fees declaring: (1) that Mercer failed to state a cause of action in its claim filed with the Board, (2) that Mercer failed to state a cause of action "which can be sustained" because the claim sets forth the same facts as those pleaded by Mercer in a complaint joining PennDOT as an additional defendant in the Allegheny County suit by the PennDOT employee against Mercer and (3) that Mercer failed to state a cause of action because the attorneys' fees sought to

be reimbursed were incurred in a tort action and attorneys' fees are not recoverable in a tort action.

With respect to the claim for rent for retention of the property, PennDOT filed a petition raising a question of jurisdiction based on the assertion that Mercer's claim was not filed within six months of the time it accrued. Section 6 of the Act of May 20, 1937 P.L. 728, *as amended*, 72 P.S. §4651-6.

In disposing of PennDOT's demurrer to Mercer's claim for attorneys' fees, the Board of Claims made no mention of PennDOT's reasons (2) and (3) above. Neither has any merit whatsoever. Reason (2) seems to raise the affirmative defense of res judicata. Not only is res judicata not the proper subject of a demurrer unless the plaintiff's complaint sets forth that the facts and issues were previously adjudicated, which Mercer's claim does not do, but the pleading attached to PennDOT's "speaking" demurrer as "evidence" supporting its objection does not even mention attorneys' fees, much less demand reimbursement from PennDOT. As for reason (3), Mercer's claim for reimbursement of attorneys' fees is not based upon an asserted tort but upon an asserted breach of a lease.

The Board of Claims, however, sustained the demurrer apparently for reason (1) of PennDOT's demurrer, insufficiently pleaded merely as "the Plaintiff has failed to state a cause of action." The Board of Claims relied on the case of *C. J. Langenfelder and Son, Inc. v. Pennsylvania Department of Transportation*, 44 Pa. Commonwealth Ct. 585, 404 A.2d 745 (1979) where we held that one seeking to recover litigation expenses incurred in a third party suit from another person on the ground of that person's breach of contract must show that the breach was the cause of the litigation. In *Langenfelder* we concluded that the asserted breaches of contract were not the cause of litigation in which litigation expenses were incurred.

Mercer here alleges that PennDOT breached the lease by invading the electrical right-of-way which was not leased to it; that as a result PennDOT's employee was injured by electrical shock and sued it, Mercer, as the landowner. This it seems to us sufficiently pleads that PennDOT's asserted breach was the cause of Mercer's incurring the litigation expenses it seeks here to recover. See Section 334 of Restatement of Contracts. The Board of Claims therefore erred in sustaining the demurrer to Mercer's claim for reimbursement for attorneys' fees incurred in the Allegheny County suit and we will reverse its order dismissing Mercer's claim in this respect.

The Board of Claims granted the prayer of PennDOT's petition raising a question of jurisdiction with respect to the claim for rentals based on the fact that the claim was filed in 1979 and the lease was terminated in 1977. It will be recalled that Mercer pleaded that PennDOT failed to remove its materials from the property because Mercer forbade it from doing so until "indemnification" was provided. In *Commonwealth, Department of Public Welfare v. Federated Security Inc.*, 49 Pa. Commonwealth Ct. 411, 411 A.2d 284 (1980) we held that the party whose contract with the State had ended may not extend the statute of limitations for suing the State in the Board of Claims simply by retaining possession of State property in its hands when the contract ended. These are precisely the facts of this case; indeed, PennDOT obtained its materials only by bringing a replevin action. We will affirm the Board's dismissal of Mercer's claim for rent.

In addition to the preliminary objections which we have commented upon above, PennDOT filed a petition raising pendency of a prior action, referring to a counter-claim in a suit between the parties presently pending in this court. We will, therefore, remand the

record to the Board of Claims for it to dispose of this remaining preliminary objection, which it did not address in its decision accompanying the order here appealed from.

We therefore affirm the action of the Board of Claims dismissing Mercer's claim for rent; we reverse the Board's dismissal of the claim for attorneys' fees expended in third party litigation; and we remand the record for the disposition by the Board of Claims of the remaining undisposed of preliminary objection and further proceedings in accordance with law.

### Order

Insofar As the order of the Board of Claims dismisses Mercer's claim for damages for retention of the leased premises, said order is affirmed; insofar as the said order sustains the preliminary objection in the nature of a demurrer to the claim for the expenses for attorneys' fees, it is reversed; the record is remanded to the Board of Claims for its disposition of the remaining undisposed of preliminary objection and for further proceedings, if necessary, according to law.