Commonwealth of Pennsylvania, Department of Public Welfare, Petitioner *v.* Ludlow Clinical Laboratories, Inc., Respondent.

Argued October 9, 1981, before Judges WILLIAMS, JR., MACPHAIL and PALLADINO, sitting as a panel of three.

*Bruce G. Baron,* Assistant Attorney General, with him *David H. Allshouse,* Assistant Attorney General, for petitioner.

*Harold Gondelman, Gondelman, Baxter, Mansmann & McVerry,* with him *Ralph D. Tive, Tive, Hetrick & Pierce, P.C.,* for respondent.

OPINION BY JUDGE WILLIAMS, JR., January 19, 1982:

This is an appeal by the Commonwealth of Pennsylvania, Department of Public Welfare (DPW), from a decision of the Board of Claims ordering DPW to pay Ludlow Clinical Laboratories, Inc. (Ludlow) $1,394,327.38 plus interest. The amount of the award constituted moneys remaining unpaid by DPW on in-

voices submitted by Ludlow for laboratory services performed relative to the Medicare and Medical Assistance Programs.

The facts, as found by the Board of Claims (Board), indicate that Ludlow commenced its clinical laboratory business effective September, 1972, the month in which its licensing and approval from all the necessary governmental entities became operative.[1] In the summer of 1973, DPW temporarily suspended payment on invoices properly submitted by Ludlow, pending a Utilization Review by its investigators. After its operating procedures were examined, its billings checked, and its files and invoices cross-checked, Ludlow's invoice backlog was approved and paid without notice to the lab that there were any improprieties or inadequacies in its systems. Seven months later, the lab passed a similar inspection by the U.S. Department of Health, Education and Welfare (HEW).

Although the regional director of HEW sent Ludlow a letter dated August 31, 1974, affirming that agency's position that Ludlow continued to meet its standards of operation, DPW informed the lab in September, 1974, that invoices, as yet unpaid, for services rendered prior to August 15, 1974, were not being processed for payment pending the outcome of another Utilization Review.

Reimbursement for those invoices was received the following November; however, Ludlow was notified by letter of January 24, 1975, that invoices submitted for services performed after August 15, 1974, would not be honored by DPW. The letter demanding restitution of $1,344,842.94, charged Ludlow with overbilling, inability to produce records to adequately substantiate

---

[1] The U.S. Department of Health, Education and Welfare, the Commonwealth of Pennsylvania, Department of Health, and DPW all provided the necessary authorizations.

requested services, and erroneously billing DPW for services that should have been directed to HEW. Ludlow had terminated its operations on January 10, 1975, though, because it had "exhausted all of (its) funds, and cannot extend any further credit to the Commonwealth of Pennsylvania without some guarantee of payment."[2] The administrative appeal from the decision and concomitant suspension from the Medical Assistance Program, both communicated by the aforesaid letter, was filed by Ludlow on February 5, 1975, but was ultimately deferred, by agreement of the parties, pending the result of the action *sub judice*.

In April, 1975, Ludlow filed this action with the Board,[3] claiming entitlement to in excess of $1.4 million for services performed, invoiced, but not paid. DPW counterclaimed for over $2.3 million, and raised issues of jurisdiction based on the running of the statute of limitations, failure of consideration, and the illegality of Ludlow's services and billing. The Board found that the six-month limitation in the pertinent[4] statute of limitations begins to run not when the testing is completed as DPW contended, but when the claimant becomes aware that the invoice will not be honored. It did determine, however, that a $34,630.88 claim for services rendered between January, 1974 and June, 1974 was barred.

In examining the allegation made by DPW that Ludlow materially breached their contract, the Board

---

[2] Excerpt from letter of January 7, 1975 from the president of Ludlow to its customers.

[3] Then, the Board of Arbitration of Claims.

[4] Section 4 of the Act of October 5, 1978, P.L. 1104, 72 P.S. §4651-6, reads in pertinent part:

> The board shall have no power and exercise no jurisdiction over a claim asserted against the Commonwealth unless the claim shall have been filed within six months after it accrued.

concluded that destruction of a physician's original request form was not such a breach, particularly in light of (a) Ludlow's return of one copy of its own form to the physician, and (b) DPW's failure to inform or penalize Ludlow for such activity in spite of its prior reviews of the lab's procedures.

Concerning the assertion that the fee schedules were improperly used, because Ludlow had a separate schedule for physicians, the Board again noted that DPW had known of this since Ludlow filed its schedules and it had not notified Ludlow that this was in violation of their contract. Furthermore, the Board noted that this was a common practice in the trade.

Relative to the allegation that Ludlow had improperly billed DPW for charges that should have been directed to HEW, the Board found that Ludlow had incorrectly directed the payment to DPW, and therefore could not claim that DPW's failure to notify it of the error justified its demand for reimbursement. The Board therefore dismissed that portion of the complaint.

In its appeal to this Court, DPW raises the same issues, and additionally questions whether the Board erred in finding its counterclaim unsupported.

It is clear that an order of the Board must be affirmed unless we find that it is not in accordance with the law or that there is not substantial evidence to support the findings of fact. *Department of Transportation v. Paoli Construction Co.,* 35 Pa. Commonwealth Ct. 390, 392, 386 A.2d 173, 174 (1978).

Our examination of the record indicates that the findings are based on testimony and exhibits present in the record, and they must therefore be accepted by this Court. *Department of Transportation v. DePaul,* 29 Pa. Commonwealth Ct. 447, 371 A.2d 261 (1977).

Turning to the application of the law to those findings, we affirm the Board's determination that the statute of limitations did not begin to run until Ludlow was affirmatively notified by DPW that its invoices were not going to be honored, which the Board found occurred at the receipt of the January 24, 1975 letter from the Commissioner of Medical Programs. It was at that time that Ludlow first knew the amount allegedly due under the claim, and was thus in a position from which it could litigate. *Department of Public Welfare v. Federated Security, Inc.,* 49 Pa. Commonwealth Ct. 411, 411 A.2d 284 (1980). Prior to that notification, Ludlow "had no knowledge on what (DPW's) position would ultimately be." *Penn-Jersey Contractors, Inc. v. General State Authority,* 12 Pa. Commonwealth Ct. 203, 208-09, 315 A.2d 920, 923 (1974).

Concerning the counterclaim filed by DPW, the Court determines that the Board's exercise of its prerogative to resolve issues of fact and credibility disposes of the matter. Had the Board made findings which settled such issues in the opposite manner, then, *ipso facto,* the counterclaim would have been supported by substantial evidence. This Court, however, cannot alter properly made findings. *DePaul, supra.*

We therefore affirm the order of the Board entering judgment for Ludlow Clinical Laboratories, Inc.

### ORDER

AND NOW, this 19th day of January, 1982, the Order of the Board of Claims dated August 22, 1980, entering judgment in favor of Ludlow Clinical Laboratories, Inc. and against the Commonwealth of Pennsylvania in the amount of $1,394,327.38 plus interest from January 24, 1975 is affirmed.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.