Camp Joy, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Pennhurst Center, Respondent.

Submitted on briefs September 16, 1982, to Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Katharine S. Brigham, Wilson & Ryan,* for appellant.

*Bruce G. Baron,* Assistant Attorney General, for appellee.

OPINION BY JUDGE BLATT, November 23, 1982:

Camp Joy, Inc. (Camp Joy) appeals here from an order of the Board of Claims in favor of the Department of Public Welfare and the Pennhurst Center (Pennhurst) and denying Camp Joy recovery on a written contract.

Camp Joy is a non-profit organization which operates a summer camp in Chester County, Pennsylvania. It entered into an agreement with Pennhurst, a state institution for mentally retarded individuals, to provide summer camping for the residents of the institution during the summer of 1978. The contract called for a maximum of 75 campers at $150 each, at a total cost of $11,250. One person was to be considered one unit, and each person was to stay at the camp for one week.

The previous practice of the parties had been for Pennhurst to notify Camp Joy several days in ad-

vance as to how many campers would be arriving the next Sunday for the following week of camping. For the last two weeks of the season, Camp Joy was notified by telephone that 19 people would be arriving and applications for that number were provided and processed in preparation. Nine of the prospective campers, however, refused to and did not attend, leaving the camp with nine unfilled spaces. Pennhurst made no attempt to notify Camp Joy of the "no-shows" and, in fact, Camp Joy did not become aware of them until the campers arrived. Camp Joy, prepared for nineteen instead of ten campers, billed Pennhurst at $150 a person as per the contract, but Pennhurst refused to pay. It is the cost for these nine "no-shows", which Camp Joy unsuccessfully sought before the Board of Claims, which is now before us on review.

In cases appealed from the Board of Claims, this Court must affirm unless the Board's order is not in accordance with the law or there is no substantial evidence to support the findings of fact. *Department of Public Welfare v. Ludlow Clinical Laboratories, Inc.,* 64 Pa. Commonwealth Ct. 178, 439 A.2d 242 (1982). This case, however, raises legal questions of contract interpretation and is clearly within our scope of review. *State Highway & Bridge Authority v. E. J. Albrecht Co.,* 59 Pa. Commonwealth Ct. 246, 430 A.2d 328 (1981).

We must first look to the contract itself, where the sentence in question reads: "Vendor will be paid for actual units of service provided." The parties differ as to the correct interpretation of the word "provide." Pennhurst claims that its obligation to pay arises only when the campers do indeed attend and use the facilities; Camp Joy, on the other hand, construes the word to mean having the services available for use.

Webster's Third New International Dictionary 1827 (1966), defines "provide" as "to supply for use," and we note that words in a contract, if clear and unambiguous, must be given their plain everyday meaning. *In re Estate of Breyer,* 475 Pa. 108, 379 A.2d 1305 (1977). However, the words used by the parties here are not clear and unambiguous,[1] but subject to varying interpretations. Our analysis must be guided, therefore, by the common law principle of *contra proferentem, Egyptian Sands Real Estate, Inc. v. Polony,* 222 Pa. Superior Ct. 315, 294 A.2d 799 (1972), 3 A. Corbin, Contracts §559 (1960), which provides that, if there is ambiguity in the terms of a written contract, the ambiguity must be resolved against the party drafting the contract, *Hafer v. Schauer,* 429 Pa. 289, 239 A.2d 785 (1968) *overruled on other grounds Incollingo v. Ewing,* 474 Pa. 527, 379 A.2d 79 (1977), or supplying the form. The form used here was prepared by Pennhurst and the Department of Public Welfare, so any ambiguity must be resolved against them and in favor of Camp Joy.[2] We note, however, that Pennhurst could well have notified Camp Joy at an earlier time than it did. We believe, therefore, that Pennhurst failed in its implied duty to "perform those things that according to justice and reason they should do in order to carry out the purpose for which the contract was made and to refrain from doing anything that would destroy or injure the other party's right to receive the fruits of the contract" *Diamon v. Penn Mutual Fire Insurance Co.,* 247 Pa. Superior Ct. 534, 372 A.2d 1218 (1977). *See also*

---

[1] For when a contract is ambiguous, *see* 8 P.L.E. Contracts §146 (1971) cited with approval in *E. J. Albrecht Co.*

[2] It does not trouble us that we are construing a contract against the Commonwealth, a distinction in that respect having been long abandoned. *Department of Transportation v. DePaul,* 29 Pa. Commonwealth Ct. 447, 371 A.2d 261 (1977).

5 S. Williston, Contracts, 159 (3d ed. 1961). It was Pennhurst's actions which adversely affected Camp Joy's right to perform the contract, as Camp Joy was willing and able to do.

The order of the Board of Claims must, therefore, be reversed and the case remanded to the Board of Claims for computation of damages in accordance with this opinion.[3]

### Order

And Now, this 23rd day of November, 1982, the order of the Board of Claims in the above-captioned matter is hereby reversed and the matter remanded to the Board of Claims.

And, it is further ordered that judgment be entered in favor of Camp Joy, Inc., and against the Commonwealth of Pennsylvania, Department of Public Welfare, Pennhurst Center, for an amount to be determined by the Board of Claims on remand, with interest thereon to be computed at the legal rate of six (6) per cent per annum from the date of breach.

---

[3] Camp Joy has requested interest on the amount owed. Prejudgment interest in breach of contract actions is the legal right of the injured party. *Palmgreen v. Palmer's Garage, Inc.*, 383 Pa. 105, 117 A.2d 721 (1955), *Gold & Co., Inc. v. Northeast Theatre Corp.*, 281 Pa. Superior Ct. 69, 421 A.2d 1151 (1980), and will be awarded at the legal rate of 6% computed from the date of breach. Section 202 of the Act of January 30, 1974, P.L. 13, 41 P.S. §202.