Commonwealth of Pennsylvania, Department of Revenue, Bureau of State Lotteries, Petitioner *v.* Christine T. Irwin, Administratrix of the Estate of Thomas W. Irwin, Respondent.

Argued March 12, 1984, before Judges ROGERS, PALLADINO and BARBIERI, sitting as a panel of three.

*Mollie A. McCurdy,* Deputy Attorney General, with her *Randall G. Gale,* Deputy Attorney General, *Herbert L. Olivieri,* Chief, Torts Litigation Unit, and *LeRoy S. Zimmerman,* Attorney General, for petitioner.

*T. Dean Lower,* for respondent.

OPINION BY JUDGE ROGERS, May 4, 1984:

The Pennsylvania Department of Revenue, Bureau of State Lotteries (Bureau of Lotteries) has filed a petition for review of a judgment entered against it by the Pennsylvania Board of Claims (board) in favor of the Administratrix of the Estate of Thomas W. Irwin, deceased, in the amount of $7,500 and interest, as counsel fees and for the payment to the estate of one dollar or the delivery of a new lottery ticket.

The board rejected the administratrix's claim for a prize of $10,000 on an assertedly winning lottery ticket and the administratrix has not appealed this action.

On January 11, 1979, the decedent Irwin submitted to the Bureau of Lotteries for payment of a prize of $10,000, a ticket in the 3-of-a-Kind Instant Lottery game. There were exposed on the face of the ticket three aces, which circumstance, if the ticket were val-

id, would entitle the bearer to a $10,000 prize. The Bureau of Lotteries notified Irwin by letter dated January 30, 1979 that the "security control number on your ticket does not correspond with the symbols on your ticket," that there was the "possibility of fraud" and that it would "not entertain payment at this time." Subsequent investigation revealed that the ticket had been altered, that before alteration it showed only two aces and that the purported third ace had been placed over the digit 9.

Irwin denied fraud on his part and demanded payment of the ticket. The Bureau of Lotteries referred the matter to the Pennsylvania State Police. On the complaint signed by a Pennsylvania State Police officer, Irwin was charged with criminal attempt, of theft by deception and of forgery of the lottery ticket. On January 28, 1980, following a trial, Irwin was acquitted of all charges by a Blair County jury. The counsel fees at issue in the instant appeal are those incurred by Irwin in defense of this prosecution.

On January 29, 1980, Irwin commenced a civil lawsuit against the Bureau of Lotteries in trespass and assumpsit, which lawsuit is, so far as we know, still pending in the Blair County Court of Common Pleas.

Irwin was the victim of homicide in September of 1980.

The administratrix filed a claim with the Board against the Bureau of Lotteries on October 15, 1980 claiming the $10,000 prize for the lottery ticket, which, as we have noted, the board rejected, and $7,500 for counsel fees incurred by Irwin in the criminal case.

The board concluded that $7,500 in counsel fees incurred by Irwin in the criminal case were "necessitated by the criminal action instituted by the [Bureau of Lotteries]" and that the "institution of the criminal proceedings before the criminal courts of Blair County was in the eyes of this Board arbitrary, vex-

acious and instituted in bad faith." The board sua sponte concluded that the administratrix should have a refund of one dollar, the purchase price of the altered ticket, or be given a new lottery ticket because there was no proof presented that Irwin was the person who altered the ticket.

The Bureau of Lotteries first asserts that the suit in the Board of Claims was not timely brought pursuant to Section 6 of the Act of May 20, 1937, P.L. 728, *as amended,* 72 Pa. C. S. §4651-6 which provides that the board "shall have no power and exercise no jurisdiction over a claim asserted against the Commonwealth unless the claim shall have been filed within six months after it accrued." A claim accrues for purposes of suit in the Board of Claims when payment is due and is withheld by the Commonwealth. *Pennsylvania Department of Public Welfare v. Federated Security, Inc.,* 49 Pa. Commonwealth Ct. 411, 411 A.2d 284 (1980). The statute of limitations runs from the time the claimant is affirmatively notified that he will not be paid. *Pennsylvania Department of Public Welfare v. Ludlow Clinical Laboratories, Inc.,* 64 Pa. Commonwealth Ct. 178, 439 A.2d 242 (1982).

There is no evidence that the Bureau of Lotteries notified Irwin of a definitive decision concerning payment of the claim at any time before June 3, 1980. The Bureau of Lotteries relies on two letters written in its behalf dated January 30, 1979 and February 13, 1979. The letters did not refuse the claim; they state that payment would not then be made pending its continued investigation. As late as March 6, 1980, the Commonwealth's Chief of the Torts Litigation Unit asked Irwin to take no further action on this matter pending further investigation and "possible settlement of this case."

We note that the administratrix in Paragraph 18 of her Statement of Claim filed with the board refers

to the "final refusal of the [Bureau of Lotteries] under date of June 3, 1980 to pay to Thomas W. Irwin the lottery prize." The Bureau of Lotteries in its Answer did not deny the averment. Of course June 3, 1980 is less than six months before October 15, 1980, when the administratrix's claim was filed. Therefore the claim was timely filed.

The Bureau of Lotteries next contends that the board erred in awarding the counsel fees incurred in Irwin's criminal trial. We agree. The jurisdiction of the board is limited to the adjudication of claims "against the Commonwealth arising from contracts hereafter entered into with the Commonwealth. . . ." Section 4 of the Act of May 20, 1937, P.L. 728, *as amended,* 72 Pa. C. S. §4651-4. The board does not have ancillary jurisdiction over claims sounding in trespass. *Fred S. James & Co., Inc. v. Board of Arbitration of Claims,* 44 Pa. Commonwealth Ct. 289, 403 A.2d 1051 (1979).

In its Conclusions of Law 4 and 5, the board properly determined that "the ticket presented by [Irwin] did not meet the regulations established by the [Bureau of Lotteries]" and "since the [administratrix] failed to sustain its burden of proof, the claim must be denied." Having concluded that there was no breach of contract to pay the ticket, the matter sued on, the board was without authority to award any damages consequent on a breach. Furthermore, litigation with the public prosecutor over whether the claimant altered a ticket was not foreseeable when the contract—the sale of the ticket—was entered into.

The board erroneously asserts that authority for its action is found in *Mercer Raceway, Inc. v. Pennsylvania Department of Transportation,* 62 Pa. Commonwealth Ct. 206, 435 A.2d 1338 (1981) and in *C.J. Langenfelder and Son, Inc. v. Pennsylvania Department of Transportation,* 44 Pa. Commonwealth Ct.

585, 404 A.2d 745 (1979), where we held that litigation expenses incurred in a third party suit may be recovered in an action for breach of contract if the defendant had reason when the contract was made to foresee that a breach would cause the litigation, citing the Restatement of Contracts, Section 334. Here, as we have said, there was no breach of contract to be the cause of litigation; and it was not foreseeable when the ticket was sold that a refusal to pay the ticket would be the cause of the purchaser's having to defend himself against charges of theft and forgery.

The board's reliance on 42 Pa. C. S. §2503(9) which allows the award of counsel fees to participants in litigation for arbitrary or vexatious conduct in "commencing the matter" is also without merit. The "matter" referred to in the statute is of course the matter in which the fees are authorized to be awarded, not some other case. Therefore, the board erred in giving judgment for the decedent's counsel fees in the criminal case.

The Bureau of Lotteries' final assertion of error is that the board lacked authority to award the administratrix one dollar or a replacement lottery ticket. Regulations at 8 Pa. B. 2466-67 (1978) empower the Secretary of Revenue *at his option* to replace an invalid ticket with an unplayed ticket. The Bureau of Lotteries is given similar discretion to replace disputed tickets. There is no provision in the law or regulations for a refund; nor is there occasion for one here. If Irwin bought the ticket which he later presented in altered form, he would have no claim for a refund without proof that it was invalid when purchased; and there is no such evidence. The regulation does not create in the purchaser of a ticket the right to receive a replacement ticket if the one he presents for payment is invalid; it gives the Secretary an option to replace it. The administratrix did not ask for the return

272

of the one dollar purchase price or a new ticket in her statement of claim, or, so far as we have learned, at any other time. The board erred in ordering it.

Insofar as the order of the Board of Claims awards the administratrix counsel fees in the amount of $7500 with interest and one dollar or a new lottery ticket, it is reversed.

ORDER

AND NOW, this 4th day of May, 1984, the order of the Board of Claims dated 22 February 1983, insofar as it awards counsel fees with interest and the sum of one dollar or a new lottery ticket, is reversed. In all other respects, it is affirmed.