514 A.2d 1025

Albert S. Nilsen, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare and Office of Administration, Respondents.

Argued June 9, 1986, before President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge ROGERS, sitting as a panel of three.

*Steven P. Barsamian,* for appellant.

*Frank P. Clark,* Assistant Counsel, with him, *John D. Raup,* Chief Counsel, for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 18, 1986:

Albert S. Nilsen appeals a Board of Claims (Board) order dismissing his claim as untimely and dismissing

the Department of Public Welfare (DPW) as a party. We affirm.

On June 1, 1976, Nilsen, a DPW employee, submitted a suggestion under the Commonwealth's cost reduction program to combine four state employee fundraising drives into one combined appeal. DPW informed Nilsen on September 23, 1976, that his suggestion would *not* be adopted. However, on September 16, 1977, Nilsen learned that the Commonwealth was implementing a state employee combined appeal (SECA) and he requested reconsideration of his proposal.

On December 15, 1977, upon Nilsen's request for reconsideration, DPW informed him that his proposal was deemed by the Secretary of the Office of Administration to have been under *prior* management consideration. Therefore, Nilsen was not eligible to receive a $10,000 award under the cost reduction program. Nilsen wrote Representative Francis J. Lynch and Auditor General Benedict asserting a grievance over the denial of the $10,000 award. Nilsen filed his claim on May 24, 1978, with the Auditor General who later transferred it to the Board.

Our scope of review of a Board order is limited to determining whether necessary factual findings are supported by substantial evidence and whether an error of law was committed. *Camp Joy, Inc. v. Department of Public Welfare*, 70 Pa. Commonwealth Ct. 142, 452 A.2d 891 (1982).

Nilsen contends that the Board erred in dismissing his claim because the six-month statute of limitations provision for filing a claim with the Board does not apply. He claims that (1) the statute of limitations is remedial, (2) its purpose was not served here because the Commonwealth was constantly apprised of his claim, and (3) the Commonwealth fraudulently led Nilsen through a bureaucratic maze which caused his claim to be untimely. We disagree.

Section 6 of the Act of May 20, 1937[1] states, in pertinent part, "The board shall have no power and exercise no jurisdiction over a claim asserted against the Commonwealth unless the claim shall have been filed within six months after it accrued." Statute of limitations do not begin to run until the cause of action accrues. *Pennsylvania Turnpike Commission v. Atlantic Richfield Co.,* 31 Pa. Commonwealth Ct. 212, 375 A.2d 890 (1977), *aff'd,* 482 Pa. 615, 394 A.2d 491 (1978). Thus, we must determine when this cause of action accrued. We have recently held that the statute of limitations for filing a claim with the Board "begins to run from the time when the injured party is first able to litigate the claim." *Commonwealth v. Town Court Nursing Centers, Inc.,* 97 Pa. Commonwealth Ct. 380, 386, 509 A.2d 950, 954 (1986). "A party is first able to litigate a claim when he or she knows the amount due under the claim." *Department of Public Welfare v. Federated Security, Inc.,* 49 Pa. Commonwealth Ct. 411, 417, 411 A.2d 284, 288 (1980).

The Board held that Nilsen's claim accrued on September 16, 1977, since that date indicates his awareness of the Commonwealth's implementation of the SECA campaign. We agree. Nilsen knew at that time that had the Commonwealth credited him with the authoring of the SECA plan, he would have been entitled to a class G award equal to $10,000. which was the full amount due under his claim.[2] September 16, 1977 marks the date that Nilsen was on notice and able to fully ascertain the extent of his claim. *See Penn-Jersey Contractors, Inc. v. General State Authority,* 12 Pa. Commonwealth Ct. 203, 315 A.2d 920 (1974).

---

[1] P.L. 728, *as amended,* 72 P.S. §4651-6.

[2] Nilsen contends that the Board's reliance on *Department of Public Welfare v. Ludlow Clinical Laboratories, Inc.,* 64 Pa. Commonwealth Ct. 178, 439 A.2d 242 (1982), is misplaced. We disa-

Moreover, we are not persuaded by Nilsen's argument that the statute of limitations should have been tolled. Nilsen chose to pursue alternative governmental channels before filing his claim with the Board. If there were any bureaucratic maze through which Nilsen was guided, it was of his own creation. Nilsen's letter-writing campaign, although it apprised certain government representatives and officials of his grievance, did not constitute the assertion of a formal claim against the Commonwealth.[3]

The Board of Claims' decision is affirmed.[4]

ORDER

The Board of Claims' order, No. FC-78-119 dated July 5, 1985, is affirmed.

---

gree. In *Ludlow*, this Court held that the statute of limitations on a contract claim filed by a provider would not begin to run until the contractor is notified that its invoices were not going to be honored. Nilsen's notification in September 1976, combined with his awareness in September 1977, placed him in a position similar to *Ludlow* in that he had notice that his suggestion was not honored.

[3] We also reject Nilsen's argument that, because the underlying action is based on a theory of a contract implied-in-fact, the statute of limitations is remedial. Any contract claim must meet the legislative conditions or the Board of Claims' exercise of jurisdiction. The statute of limitations is such a condition.

[4] Because we hold that Nilsen's claim was properly dismissed by the Board as untimely, we do not address the contention that the Board erred in dismissing DPW as a party.