Commonwealth of Pennsylvania, The General State Authority *v.* J. C. Orr & Son, Inc., Appellee.

Argued December 4, 1974, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Mencer, Rogers and Blatt. Judge Wilkinson, Jr. did not participate.

*John A. Alogna,* Assistant Counsel, with him *Richard D. Holahan,* Assistant Counsel, and *Michael A. Madar,* General Counsel, for appellant.

*C. Grainger Bowman,* with him *Norman I. White,* and *McNees, Wallace & Nurick,* for appellee.

Opinion by Judge Blatt, February 14, 1975

J. C. Orr & Son, Inc. (claimant) on January 3, 1974 filed an "amended complaint"[1] in proceedings against the General State Authority (GSA) before the Board of Arbitration of Claims (Board). The legal proceedings, which had begun in June of 1973 with the filing of the original "complaint," involved an alleged breach of contract in connection with the construction of the Auditorium and Lecture Hall at Pennsylvania State University in University Park. On February 6, 1974 the GSA

---

1. The parties here use the terms "complaint," "amended complaint" and "third party complaint." Although the Act of May 20, 1937, P. L. 728, Section 1 et seq., *as amended,* 72 P. S. §4651-1 et seq. does not itself employ those terms, these proceedings are sufficiently analogous to a civil action in assumpsit for us to use the appropriately corresponding terms for such an action.

filed a "third party complaint" against Sanders & Bicksler, the project architects. The Board subsequently refused to serve the "third party complaint" upon the third party defendants, and on March 29, 1974 issued an order dismissing that complaint. The GSA has taken exceptions to the order and has appealed to this Court.

The Board's order is unaccompanied by a written opinion and the claimant has not seen fit to challenge this appeal. We, therefore, have the benefit of no legal arguments in support of the Board's order. After our own independent consideration, however, we are unable to find any support for it. We must therefore, reverse.

We see no reason why service should not be made upon the third party defendants so that they might at least be brought into the proceedings. Section 6 of the Act of May 20, 1937, P. L. 728, *as amended,* 72 P. S. § 4651-6 authorized the Board "to order the interpleader or impleader of other parties whenever necessary for a complete determination of any claim or counterclaim." Since the Board itself can compel third parties to be brought into the proceedings, we believe that the department being sued should also be able to do so, and can find nothing in the law to deny it such an opportunity. We also note that the Board's regulations at 4 Pa. Code § 121.1 provide that "all proceedings in an action before the Board of Arbitration of Claims shall be, as nearly as possible, in accordance with the Pennsylvania Rules of Civil Procedure relating to the action of Assumpsit." Inasmuch as the Pennsylvania Rules of Civil Procedure 2251 et seq. involving the joinder of additional defendants apply, of course, to the action of assumpsit, we must conclude that a similar procedure must be available to a state department against which a claim is being made so that potentially liable third parties may be brought before the Board.

We do not wish to foreclose any jurisdictional arguments which might be raised by the third parties through

preliminary objections after they are served. We merely hold here that the Board should first effect service and then, if those issues are raised, they can be decided in an appropriate adversary setting.

We, therefore, issue the following

ORDER

Now, February 14, 1975, the order of the Board of Arbitration of Claims is hereby reversed and the record is remanded for proceedings consistent with this opinion.