413 A.2d 667

**James STEVENSON, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF REVENUE, and Board of Arbitration of Claims, Appellees.**

**Tony VESPAZIANA, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF REVENUE and Board of Arbitration of Claims, Appellees.**

Supreme Court of Pennsylvania.

Argued March 10, 1980.

Decided April 25, 1980.

See also, 40 Pa.Cmwlth. 54, 396 A.2d 489.

Roger J. Ecker, Peacock, Keller, Yohe, Day & Ecker, Washington, for appellant James Stevenson.

Louise Reiber Malakoff, Berger, Kapetan, Malakoff & Meyers, Pittsburgh, for appellant Tony Vespaziana.

Michael L. Harvey, Deputy Atty. Gen., Harrisburg, for appellees.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

LARSEN, Justice.

Appellants, James Stevenson and Tony Vespaziana, held first-prize winning tickets for the Pennsylvania "Big Fifty Bonus Lottery." They allege that appellee, the Commonwealth Department of Revenue (hereinafter, the Department), represented to ticket purchasers that each first-prize winner would receive a twenty-seven foot Winnebago "Elandan II" motor home worth approximately $29,000.00. After choosing the first-prize winners the Department, however, attempted to deliver to each winner a twenty-one foot Winnebago "Brave" motor home which was worth $14,000.00 less than the "Elandan II".

Appellants brought separate actions before the Board of Arbitration of Claims (hereinafter, the Board) and sought to

have their claims heard as class actions on behalf of all first-prize winners. The class allegedly consisted of some seventy-eight persons in addition to appellants. The Department moved to dismiss the claims, and the Board granted the Department's motion with respect to the class action portion of the claims only, holding it was without authority to hear class actions. Both appellants appealed to the Commonwealth Court which affirmed the order of the Board. Appellants then petitioned this Court for allowance of appeal, and we granted the petitions and consolidated the appeals.

Appellants instituted their actions pursuant to the Board of Arbitration of Claims Act.[1] This Act established the Board to hear claims against the Commonwealth arising out of contracts to which the Commonwealth is a party, and gave the Board exclusive jurisdiction over all such claims where the amount in controversy is $300.00 or more. (see §§ 1 and 4, 72 P.S. §§ 4651–1 and 4651–4). Section 10 of the Act, 72 P.S. § 4651–10, directs the Board to "establish such rules for its government, and regulations governing practice before it as it shall deem proper and necessary."

Pursuant to that directive, the Board promulgated section 121.1 of its Rules of Practice and Procedure, which provides in pertinent part:

> . . . all proceedings in an action before the Board of Arbitration of Claims shall be, as nearly as possible, in accordance with the Pennsylvania Rules of Civil Procedure relating to the action of Assumpsit. 4 Pa. Code § 121.1.

Although the class action device unquestionably applies to assumpsit actions, the Commonwealth Court held that this section [121.1] did not adopt the Pennsylvania Rules of Civil Procedure relating to class actions. That Court reasoned that because section 8 of the Board of Arbitration of Claims

1. Act of May 20, 1937, P.L. 728, No. 193, §§ 1–10, *as amended*, 72 P.S. §§ 4651–1 through 4651–10. The Act was last amended by the Act of October 5, 1978, P.L. 1104, No. 260. That amendment is not applicable to the instant case as appellant's claims were filed in 1977, and the Board's order was entered on December 7 of that same year.

4

Act, 72 P.S. § 4651–8, provides that "all *hearings* before the board . . . shall be governed by all of the rules of Pennsylvania Civil Procedure . . ." (emphasis supplied), the Board's authority was circumscribed and it could not adopt any of the Pennsylvania Rules of Civil Procedure which applied to more than just the *conduct of hearings* (i. e., the Board could not adopt any of the Pennsylvania Rules of Civil Procedure relating to pre-trial practices and procedures). This strained limitation on the seemingly plain meaning of section 121.1 of the Rules of Practice and Procedure is in direct contradiction to prior decisions of the Commonwealth Court and is by no means required by section 8 of the Board of Arbitration of Claims Act.

In *Commonwealth General State Authority v. J. C. Orr & Son, Inc.*, 17 Pa.Cmwlth. 433, 332 A.2d 832 (1975), section 121.1 was interpreted to permit the joinder of additional defendants as provided by Pennsylvania Rules of Civil Procedure 2251 *et seq.*[2] The joinder of additional defendants is a matter that is not limited to the conduct of hearings. In fact, it is a procedural device which, like the class action, involves making additional persons parties to the lawsuit. The Commonwealth Court did not, however, feel constrained to hold there that section 8 of the Board of Arbitration of Claims Act prevented the Board from adopting the rules relating to joinder of additional defendants, and we do not believe that the Commonwealth Court should have deviated from that line of precedent in the instant case.

Section 8 of the Board of Arbitration of Claims Act was never intended to govern pre-hearing practices and proce-

2. The Commonwealth Court stated:

" . . . We also note that the Board's regulations at 4 Pa.Code § 121.1 provide that 'all proceedings in an action before the Board of Arbitration of Claims shall be, as nearly as possible, in accordance with the Pennsylvania Rules of Civil Procedure relating to the action of Assumpsit.' Inasmuch as the Pennsylvania Rules of Civil Procedure 2251 et seq., 12 P.S. Appendix, involving the joinder of additional defendants apply, of course, to the action of assumpsit, we must conclude that a similar procedure must be available to a state department against which a claim is being made so that potentially liable third parties may be brought before the Board." Id., 17 Pa.Cmwlth. at 435, 332 A.2d at 833.

dures such as the joinder of additional defendants or the maintenance of class action suits. As its title states, the subject matter of the section is, "Hearings; opinions; awards; costs; appeals". It is thus only applicable to the procedures that are to be employed at the hearing and subsequent thereto, and it does not otherwise restrict the Board's general rule-making duties under section 10 of the Act or prevent it from promulgating those Pennsylvania Rules of Civil Procedure which relate to pre-hearing practices and procedures.[3]

Accordingly, we hold that section 121.1 of the Rules of Practice and Procedure permits the maintenance of class action suits before the Board of Arbitration of Claims. The order of the Commonwealth Court affirming the dismissal of the class action portion of appellants' claims is, therefore, reversed.

---

**3.** The 1978 amendments to the Act (see fn. 1 *supra*) make this quite clear. Section 8 now reads: ". . . *All matters* before the board or hearing panel *shall be governed by all of the Rules of Pennsylvania Civil Procedure* not inconsistent with this act. . . ." (emphasis supplied).