In Re: Proposed Private Tax Sale by the Carbon County Tax Claim Bureau to Lawrence Marra for Unpaid Real Estate Taxes Levied Against 134 Properties in Penn Forest Township. Lawrence Marra, Appellant.

Argued September 10, 1985, before Judges ROGERS and PALLADINO, and Senior Judge BLATT, sitting as a panel of three.

*Arnold Sousa,* for appellant.

*Roger Nanovic, II,* for appellee, Penn Forest Township.

*Thomas W. Durnin,* for appellee, Jim Thorpe Area School District.

*John G. Cipko,* for appellee, Carbon County Tax Claim Bureau.

OPINION BY JUDGE PALLADINO, January 29, 1986:

Lawrence Marra (Appellant) appeals from an order of the Court of Common Pleas of Carbon County (trial court) which dismissed, for lack of subject matter jurisdiction, a Petition of Penn Forest Township

and Jim Thorpe Area School District to Disapprove Private Sale. For the reasons set forth below, we reverse and remand.

The Carbon County Tax Claim Bureau (Bureau) received from Appellant bids of $25.00 on each of 134 properties in Carbon County. These properties had been the subject of several previous unsuccessful public tax sales. Pursuant to Section 613 of the Real Estate Tax Sale Law,[1] the Bureau offered the properties for private sale.

Following receipt of Appellant's bids, the Bureau sent the following letter, dated December 6, 1983, to each of the affected taxing bodies, Carbon County, Penn Forest Township (Township) and Jim Thorpe Area School District (District).

To Whom It May Concern:

Enclosed are One Hundred Thirty-Four Private Bids, which have been submitted by Lawrence Marra, 896 Wolf Avenue, Easton, Pa., for properties situated in Penn Forest Township.

You will please note that all bids are in the amount of $25.00, a sum far less than the total taxes due on each property.

Taxes on some of these properties date back as far as 1973 and most of them have been exposed to our annual Tax Sale several times without receiving any bids.

The Tax Claim Bureau using Section 613 of the Pennsylvania Real Estate Tax Sale Law, Act 542 of 1947 is willing to accept these bids so that these properties would again be on the tax rolls in the name of an owner that is willing to pay the future taxes.

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §5860.613.

All taxing bodies have 45 days in thich (sic) to approve or disapprove any of the bids.

It will be assumed that you have agreed to the bid price, if we do not receive information within 45 days of this notice.

All three taxing bodies returned letters to the Bureau indicating that they disapproved the bids. The Township and the School District (Appellees) then filed the Petition to Disapprove Private Sale with the trial court. The County did not do so.[2] Following a hearing on the merits of the Petition, the trial court issued an order which stated:

The record shows that the CARBON COUNTY TAX CLAIM BUREAU did not accept the offer of Lawrence Marra to purchase the 134 lots in Penn Forst Township. In our view, the CARBON COUNTY TAX CLAIM BUREAU'S acceptance of a private offer to purchase real estate under Section 613 . . . is an essential requisite for subject matter jurisdiction of the Court of Common Pleas.

Accordingly, the Petition of PENN FOREST TOWNSHIP and the JIM THORPE AREA SCHOOL DISTRICT is hereby DISMISSED and this matter is referred back to the CARBON COUNTY TAX CLAIM BUREAU to formally accept or reject the bids for the 134 lots in Penn Forest Township submitted by Lawrence Marra.

The threshold issue we must address is Appellees' Motion to Quash the appeal, because no exceptions were filed to the trial court's order pursuant to Pa. R.C.P. No. 227.1. We hold that none were required.

---

[2] The County's failure to file a Petition to Disapprove as required by Section 613 precludes its participation.

Appellees have given us no authority for applying this rule to a proceeding prescribed by statute. Section 613 provides for the filing of the Petition to Disapprove and for the attendant procedures, it does not require the filing of exceptions to the trial court's actions. Without statutory authority, we will not require exceptions to be filed as a prerequisite to an appeal under Section 613.[3] Appellees' Motion to Quash is, therefore, denied.

We turn now to the second issue, namely whether the trial court correctly concluded that it lacked subject matter jurisdiction over the Petition to Disapprove. Section 613 states in pertinent part:

Properties not sold because of insufficient bid may be sold at private sale

(a) At any time after any property has been exposed to public sale and such sale is not sold because no bid was made equal to the upset price, as hereinbefore provided, and whether or not proceedings are initiated pursuant to Sections 610 through 612.1, the bureau may, on its own motion, and shall, on the written instructions of any taxing district having any tax claims or tax judgments against said property, agree to sell the property at private sale, at any price approved by the bureau. *Notice of the proposed sale, stating the price and the property proposed to be sold, shall be given to each such taxing district* and to the owner of the property. The corporate authorities of any taxing district, having any tax claims or tax judgments against the property which is to be sold or the owner may, if not satisfied that the sale

___

[3] We also note that the order from which Appellant has appealed was a final order, not a decree nisi to which exceptions must be filed to preclude waiver of issues on appeal. *See, e.g., Fitzgerald v. City of Philadelphia*, 87 Pa. Commonwealth Ct. 482, 487 A.2d 485 (1985).

price *approved* by the bureau is sufficient, *within forty-five (45) days after notice of the proposed sale, petition the court of common pleas of the county to disapprove the sale.* The court shall, in such case, after notice to each such taxing district, the owner, the bureau and the purchaser, hear all interested parties. After such hearing, the court may either confirm or disapprove the sale as to it appears just and proper. If the sale is disapproved, the court shall at the same time fix a price below which such property shall not be sold. (Emphasis added.)

The trial court found that the Bureau's *acceptance* of the bids was a prerequisite for Appellees' Petition to Disapprove. Section 613 only requires notice of the Bureau's *approval* to trigger the taxing district's ability to petition for disapproval, not actual acceptance.

The Bureau's letter of December 6, 1983 (quoted earlier) is sufficient notice of its approval of Appellant's bids. The trial court, therefore, erroneously concluded that it did not have subject matter jurisdiction. Our examination of the record convinces us that all the statutory prerequisites were met for Appellees' Petition to Disapprove.

Because the trial court did possess subject matter jurisdiction over the Petition to Disapprove, and has already heard testimony on the merits, we reverse the dismissal of the Petition to Disapprove Private Sale and remand to the trial court for further proceedings as required by Section 613 of the Real Estate Tax Sale Law.

ORDER

AND Now, January 29, 1986, Appellees' Motion to Quash is hereby denied. The order of the Court of Common Pleas of Carbon County at No. 84 S 26, dated

June 19, 1984, is reversed and the case is remanded for further proceedings under Section 613 of the Real Estate Tax Sale Law.