## Jim Thorpe Area School District v. Carbon County Tax Claim Bureau

*W. Joseph Engler,* for plaintiff Jim Thorpe Area School District.

*Roger N. Nanovic II,* for plaintiff Penn Forest Township.

*John G. Cipko,* for defendant.

*Arnold Sousa,* for Lawrence Marra.

### AMENDED OPINION AND ORDER*

LAVELLE, *P.J.* January 13, 1987 — Pursuant to section 613 of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, as amended, 72 P.S. §5860.613, the Jim Thorpe Area School District and Penn Forest Township ask this court to disapprove a proposed private sale of 134 tax delinquent properties by the Carbon County Tax Claim Bureau to Lawrence Marra.

### PROCEDURAL HISTORY

Prior to 1983, all 134 of the properties were unsuccessfully subjected to public Tax Claim Bureau

---

\* The original opinion inadvertently neglected to include the name of counsel for Lawrence Marra.

sales. The bureau then offered the properties for private sale. Mr. Marra submitted a private bid for all 134 properties of $25 per property. Petitioners, dissatisfied with the amount of the bid, filed this petition for disapproval. After a hearing on March 21, 1984, we dismissed the petition for lack of subject matter jurisdiction, because the record did not show that the bureau had either formally accepted or rejected Mr. Marra's bid.

On appeal, the Commonwealth Court reversed our dismissal and remanded the case to this court opining:

"The bureau's letter of December 6, 1983 . . . is sufficient notice of its approval of appellant's bids. The trial court, therefore, erroneously concluded that it did not have subject matter jurisdiction. Our examination of the record convinces us that all the statutory prerequisites were met for Appellees' Petition to Disapprove." *In re Proposed Private Tax Sale by Carbon County Tax Claim Bureau,* 94 Pa.Commw. 407, 504 A.2d 380 at 382 (1986).

Although we are obliged to accept the conclusion of the Commonwealth Court as the law of this case, we feel constrained to note that the letter of December 6, relied upon by the Commonwealth Court, was never admitted into evidence and therefore was not part of the record. Having said that, we shall now proceed to consider the petition.

Upon the evidence adduced at the hearing of March 21, 1984, we make the following findings of fact:

## FINDINGS OF FACT

(1) Jim Thorpe Area School District and Penn Forest Township are taxing districts as defined by section 5860.102 of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, as amended, 72 P.S.

§5860.102.

(2) The properties which are the subject of this action are 134 vacant properties located in Penn Forest Township.

(3) Both petitioners are taxing districts for the area which includes the 134 properties.

(4) The aggregate upset price for the properties at the Tax Claim Bureau sale, representing unpaid taxes for the years up to and including 1982, is in excess of $140,000.

(5) The total assessed value of the 134 properties as reflected on the Carbon County Tax Assessment Records exceeds $130,000. (Assessed value in Carbon County is 40 percent of market value.)

(6) A private bid of $25 per property was made on November 22, 1983, by Lawrence Marra of 896 Wolf Avenue, Easton, Pa. The total amount of Mr. Marra's bid is $3,425 for all 134 properties.

## DISCUSSION

Under section 613 of the Real Estate Tax Sale Law, the court may confirm or disapprove a private tax sale as it appears just and proper. Section 613 provides further that if the private sale is disapproved, the court must set a price below which the properties shall not be sold.

Counsel has not cited, nor has our own research found, any appellate court case interpreting section 613. We shall be guided, therefore, by equitable considerations and our own judicial conscience as to what is fair and just.

Initially, we observe that the tax assessment property cards indicate that the total assessed value of the 134 lots exceeds $130,000. The county therefore has placed a fair market value on these properties of $325,000. Applying a principle used in tax assessment matters, once these values are placed in

evidence, they form prima facie evidence of market value upon which the court may rely. *Deitch Co. v. Board of Property Assessment et al.*, 417 Pa. 213, 209 A.2d 397 (1965). Appellant neither objected to the introduction of these property cards nor offered rebuttal evidence as to the value reflected on the property cards.

Further, Mr. Marra's bid of $3,425 is less than one fortieth of the total outstanding taxes on the properties, which exceeds $140,000. The wide disparity between the value of the properties and the amount of the bid, and between the total outstanding taxes and the amount of the bid shocks our judicial conscience. The Marra bid must be disapproved as patently unfair.

## CONCLUSIONS OF LAW

(1) The court has jurisdiction over the parties and subject matter of this action, and this proceeding is properly before the court.

(2) The proposed private sale of 134 properties located in Penn Forest Township, Carbon County, to Lawrence Marra for $25 per property is not just and proper.

## ORDER

And now, this January 13, 1987, the proposed private tax sale by the Carbon County Tax Claim Bureau to Lawrence Marra be and is hereby disapproved.

If these properties are to be sold by the bureau at a private sale, each property shall not be sold for less than 30 percent of the value of the property as reflected on the Carbon County Tax Assessment records.