531 A.2d 559

Paul I. Leasure, Appellant *v.* The Borough of Trafford, Appellee.

Argued May 18, 1987, before Judges MACPHAIL and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Christine L. Donohue, Evans, Rosen, Portnoy, Quinn & Donohue,* for appellant.

*John M. Campfield, Ober, Campfield & Ferraro,* for appellee.

OPINION BY JUDGE BARRY, September 21, 1987:

Appellant Paul I. Leasure appeals from a September 26, 1986 order of the Court of Common Pleas of West-

moreland County quashing and dismissing his post-trial motions. He also asks that we address the merits of his unfair discharge claim. The appellee, Borough of Trafford Civil Service Commission (Borough Commission) has filed an application for relief requesting us to consider only the trial court's order of September 26, 1986 dismissing the post-trial motions rather than both that order and the order of March 7, 1986 addressing the merits.

Appellant was a police officer with the Borough of Trafford. On May 6, 1983, while off-duty he sustained serious injuries in a motorcycle accident. Based upon the resulting disability, the Council of the Borough of Trafford Council (Borough Council) decided to honorably discharge him. Appellant appealed to the Borough of Trafford Civil Service Commission (Borough Commission) which upheld the discharge. He then appealed to the trial court, in accordance with the provisions of Section 1190 of the Borough Code.[1] On January 26, 1986, after conducting a hearing *de novo* involving extensive testimony, the trial court affirmed the appellee. Rather than appeal to this Court, appellant filed a motion for post-trial relief pursuant to Pa. Rule of Civil Procedure No. 227.1[2] The trial court granted the Bor-

---

[1] Act of February 1, 1966, P.L. No. 581, *as amended*, 53 P.S. §46191.

[2] Rule 227.1. Post-Trial Relief

    (a) After trial and upon the written Motion for Post-Trial Relief filed by any party, the court may

    (1) order a new trial as to all or any of the issues; or

    (2) direct the entry of judgment in favor of any party; or

    (3) remove a nonsuit; or

    (4) affirm, modify or change the decision or decree nisi; or

    (5) enter any other appropriate order.

ough Commission's motion to quash and dismiss on the basis that post-trial motions were not applicable to statutory appeals.

Because appellant has asked that we consider the merits of his claim and briefed the substantive issues, appellee also submitted a brief on the merits. However,

---

(b) Post-trial relief may not be granted unless the grounds therefor,

(1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and

*Note:* If no objection is made, error which could have been corrected in pre-trial proceedings or during trial by timely objection may not constitute a ground for post-trial relief.

(2) are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.

(c) Post-trial motions shall be filed within ten days after

(1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial or

(2) notice of nonsuit or the filing of the decision or adjudication in the case of a trial without jury or equity trial.

If a party has filed a timely post-trial motion, any other party may file a post-trial motion within ten days after the filing of the first post-trial motion.

(d) A motion for post-trial relief shall specify the relief requested and may request relief in the alternative. Separate reasons shall be set forth for each type of relief sought.

(e) If a new trial and the entry of judgment are sought in the alternative, the court shall dispose of both requests. If the court directs the entry of judgment, it shall also rule on the request for a new trial by determining whether it should be granted if the judgment is there-

appellee has also filed an application for relief in which it proposes that this Court must confine its review to the latest order, the order of September 26, 1986 because appellant failed to timely appeal to this Court the trial court's March 7, 1986 order on the merits.[3] The appellant maintains that the March 7, 1986 order was not appealable to the Commonwealth Court directly but subject to the Pa. R.C.P. 227.1 relating to post-trial motions because the Court was acting as a trial court rather than an appellate court. In the alternative, he argues that inasmuch as the trial court exercised an appellate-like function over the order of the Borough Commission it should have treated the post-trial motions as an erroneously filed appeal because the motions constituted a "request for review and reversal"[4] under 42 Pa. C. S. §5103 which requires that an appellate court must transfer to the appropriate forum rather than dismiss an improvidently filed appeal. If we were to accept appellant's first argument, we would be required to remand to the trial court for consideration of the merits of the post-trial motions or, under appellant's second argument, treat the matter as an appeal to this

after vacated or reversed, and shall specify the grounds for granting or denying the request for a new trial.

(f) The party filing a post-trial motion shall serve a copy promptly upon every other party to the action and deliver a copy to the trial judge.

The record indicates that appellant's counsel, by way of letter addressed to counsel for the Borough of Trafford, had initially planned to preserve appellant's rights under both Pa. R.C.P. 227.1 and 42 Pa. C. S. §762 governing appeals from the court of common pleas to this Court. She apparently decided not to appeal to this Court.

[3] A notice of appeal must be timely filed within thirty days of the entry of the order from which the appeal is taken. (Pa. R.C.P. No. 903(a)).

[4] Section 5103 of the Judicial Code, 42 Pa. C. S. §5103.

Court and entertain the merits at this level. Appellant has asked that even if we choose the former alternative, in the interests of time and judicial economy, we consider his claim on the merits.

The main issue raised is whether the Pennsylvania Rules of Civil Procedure relating to post-trial procedure apply in situations in which the trial court held a hearing *de novo,* heard extensive testimony and, generally, served as a fact finder rather than an "appellate" body reviewing an administrative agency record and order.

We believe the answer is no. This Court has held that statutory appeals are not automatically subject to the same post-trial procedures as civil actions governed by the Rules of Civil Procedure because nothing in the statute[5] governing such appeals authorizes their applicability. In *Pederson v. South Williamsport Area School District,* 80 Pa. Commonwealth Ct. 292, 471 A.2d 180 (1984), we ruled that the filing of exceptions from an adverse decision of the trial court in that court's review, pursuant to the Local Agency Law, of a school district's decision, was not proper because neither the Local Agency Law nor the Pa. Rules of Civil Procedure provided for the filing of exceptions in appeals from local agency decisions.[6] *See also: Pennsylvania Liquor Control Board v. Kayden Corporation,* 95 Pa. Commonwealth Ct. 306, 505 A.2d 393 (1986) and *Marra Appeal,* 94 Pa. Commonwealth Ct. 407, 504 A.2d 380 (1986).

---

[5] 2 Pa. C. S. §§751-54.

[6] We did rule that the Rules of Civil Procedure authorize the filing of exceptions in equity actions under Pa. R.C.P. Nos. 1517 and 1518, since repealed by the Supreme Court, when the requisites to an adjudication under Pa. R.C.P. No. 1517 were fulfilled. Pa. R.C.P. No. 1501 specifically provides, however, that actions in equity shall be brought in accordance with the rules relating to civil actions. In this case, no such provision concerning statutory appeals appears in the Borough Code, the Local Agency Law or the Rules of Civil Procedure.

We reject appellant's argument that the *de novo* character of the trial court proceedings makes the rules relating to post-trial motions applicable. Although it is true that *Kayden* relied upon by the trial court was a "record review" and not a *de novo* hearing, the same rationale for the non-applicability of the Rules of Civil Procedure applies, namely, that the Local Agency Law sets forth procedures and those procedures do not include the filing of post-trial motions.

§754. Disposition of appeal

(a) Incomplete record.—In the event a full and complete record of the proceedings before the local agency was not made, the court may hear the appeal de novo, or may remand the proceedings to the agency for the purpose of making a full and complete record or for further disposition in accordance with the order of the court.

(b) Complete record.—In the event a full and complete record of the proceedings before the local agency was made, the court shall hear the appeal without a jury on the record certified by the agency. After hearing the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of Subchapter B of Chapter 5 (relating to practice and procedure of local agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. If the adjudication is not affirmed, the court may enter any order authorized by 42 Pa. C. S. §706 (relating to disposition of appeals).

2 Pa. C. S. §754.

Appellant's alternative argument is that we treat the post-trial motions as an erroneously filed appeal transferred to the Court under Section 5103(a) of the Judicial Code. We believe this section is inapplicable. The filing of post-trial motions seeking reconsideration by the original tribunal is simply not the equivalent of an appeal. Post-trial motions, by their nature, give the nonappellate body an opportunity to review and re-evaluate its decision usually in contemplation of an ensuing appeal. Here, appellant did not file any appeal, at all, until well beyond the thirty day period provided under Pa. R. A. P. No. 903(a).

We affirm the trial court's order which dismissed appellant's post-trial motions.

## ORDER

NOW, September 21, 1987, the order of September 10, 1986 of the Court of Common Pleas of Westmoreland County, at No. 3971 of 1985, is affirmed.