**In re Charles MACKEY and Edward Behr, 32 & 38 Oak Knoll Drive, Tredyffrin Township, Tredyffrin–Easttown School District, Berwyn, Chester County, PA 19312, also known as Oak Knoll Townhouses Representative Folio Numbers 43–10K–232 and 43–10K–238 Charles Mackey and Edward Behr, Appellants.**

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 1996.

Decided Jan. 6, 1997.

Clara A. Rankin, Media, for appellants.

Randall C. Schauer, West Chester, for appellees.

Before DOYLE and FRIEDMAN, JJ., and KELTON, Senior Judge.

DOYLE, Judge.

Charles Mackey and Edward Behr, as well as other individuals whose appeals were consolidated by the court below (collectively, Appellants), appeal from an order of the Court of Common Pleas of Chester County, which dismissed consolidated appeals from class certification and tax assessment decisions rendered by the Chester County Board of Assessment Appeals (Board).[1]

---

1. Appellants in this case fall into two categories. The first category is comprised of the appellants who were denied class certification by the Board and who did not specifically challenge their individual tax assessments before the court of common pleas. For the sake of simplicity, this group of appellants will be referred to hereafter as the "Mackey–Behr Appellants." The second category of appellants appealed to the court of common pleas only from their individual tax assessments. This group of appellants will be referred to hereafter as the "Ramage Appellants." There are three appeals of this latter type, two of which

Appellants are numerous individuals owning property located in various developments within several different municipalities in Chester County,[2] Pennsylvania. On or about September 1, 1994, Appellants timely filed their tax assessment appeals with the Board, and although some of these appeals were filed on behalf of individual taxpayers, many of them were purportedly filed on behalf of classes of similarly situated property owners. This added an additional layer of complexity to the Board's task.

The appeals related to properties located in eleven different municipalities: Malvern Borough, Uwchlan Township, Caln Township, East Caln Township, West Whiteland Township, Tredyffrin Township, East Goshen Township, Willistown Township, Easttown Township, Birmingham Township, and Westtown Township. Within these municipalities, appeals were filed by property owners as purported class representatives of individuals owning property in nineteen different townhouse and condominium developments. Just one of these developments, Hershey's Mill, is further divided into seventeen different villages. In total, these nineteen developments are comprised of at least 165 separate types of dwelling units, varying by model type, square footage, and layout, and are comprised of approximately 3,632 different dwelling units in total. Consequently, these class action tax assessment appeals were purportedly filed on behalf of literally thousands of property owners.

At the time the tax assessment appeals were filed with the Board, neither the Board nor the Chester County Court of Common

Pleas had promulgated any rules pertaining to class action certification. The Board nonetheless scheduled a hearing for December 2, 1994, for the purpose of determining the class certifications, as well as for hearing the individual tax assessment appeals.

The Board then adopted procedures relating to class certification and conducted the hearing on December 2nd as scheduled using those newly adopted procedures. **At no time before the Board** did Appellants object to these procedures.

On February 10, 1995, the Board issued a comprehensive review and determination of the appeals filed by purported class representatives. In its decision, the Board granted class certification as to some groups of property owners and denied class certification as to others, several of whom are the Mackey–Behr Appellants. The Mackey–Behr Appellants subsequently appealed to the court of common pleas from the Board's class certification decisions. These twelve appeals were docketed below as case numbers 95–02329 through 95–02340.

The Board subsequently conducted more hearings and issued orders relating to the assessment values of property owned by the Ramage Appellants, among others. In separate orders dated March 10, 1995, the Board lowered the assessment value of the properties owned by the Ramage Appellants. The Ramage Appellants appealed from these determinations to the court of common pleas. These appeals were originally docketed below as 95–03216,[3] 95–03217,[4] and 95–03218,[5] before being consolidated with the appeals of the Mackey–Behr Appellants.

were filed by representatives of property owners specifically certified as a class by the Board.

**2.** Chester County is a "Third Class County" under Section 210 of the County Code, Act of August 9, 1955, P.L. 323, *as amended* 16 P.S. § 210.

**3.** This appeal was filed by Donald Ramage and Frank Yocum as class representatives for 72 units located in Goshen Valley Condominiums, East Goshen Township, Chester County. These 72 units were certified as a class pursuant to the Board's opinion. (Board's Opinion at 44; Reproduced Record (R.R.) at 70.)

**4.** This appeal was filed by Paul Levin and Gretchen Price, each representing a separate class of property owners in Woodmont North Condomin-

iums, East Caln Township, Chester County. These two classes of appellants were also certified pursuant to the Board's opinion. (Board's Opinion at 16; R.R. at 42.)

**5.** This appeal was filed by Edward J. Calderoni, Jr., Edward J. Calderoni, and Jack J. Calderoni as purported representatives of a class of individuals owning property in Woodmont North Condominiums. The three men collectively own a single property unit in Woodmont North. The Board denied their request for class certification, and we consider the petition filed in the lower court to constitute only an individual appeal of their tax assessment.

By an order dated November 6, 1995, the trial court consolidated the twelve appeals filed by the Mackey–Behr Appellants, which challenged only the Board's class certification determinations and procedures, with the three appeals filed by the Ramage Appellants, which specifically challenged only the Board's assessment tax valuations. The trial court, by a memorandum opinion and order dated March 29, 1995, subsequently dismissed, in their entirety, the consolidated appeals of all Appellants. This appeal followed.

This appeal presents the issue of whether a county board of assessment appeals may establish and adopt rules relating to class certification for class action tax assessment appeals. In this regard, this case is one of first impression in this Commonwealth.

Class action tax assessment appeals are specifically permitted pursuant to Section 8(c) of the Third Class County Assessment Law,[6] which provides in pertinent part as follows:

> (c) Any person aggrieved by any assessment ... may appeal to the board for relief....
>
> For the purpose of assessment appeals under this act, the term 'person' shall include, in addition to that provided by law, a group of two or more persons acting on behalf of a class of persons similarly situated with regard to the assessment.

72 P.S. § 5349(c).[7] Many counties in the Commonwealth have not adopted specific certification procedures for similarly situated property owners appealing their tax assessments as a purported class. In this case, however, the Chester County Board of Assessment Appeals drafted and adopted such procedures, and made specific class certification decisions pursuant to them, after such appeals were taken.

■ After a careful review of the record in the case, including the Board's lengthy and exhaustive determination and the petitions presented to the trial court, we hold, although for different reasons,[8] that the trial court was correct in dismissing all of the consolidated appeals with respect to the Mackey–Behr Appellants, but that the trial court erred in dismissing the consolidated appeals with respect to the Ramage Appellants.

Reduced to its essentials, this case presents three specific issues for our consideration: (1) whether the Board had the authority to establish and adopt procedures for determining class certification; (2) if it does have such authority, what is the applicable standard of review on appeal from the Board's class certification decisions; and (3) whether the court of common pleas should have reviewed the Board's tax assessment determinations de novo.

## I. WHETHER THE BOARD HAD THE AUTHORITY TO ESTABLISH AND ADOPT PROCEDURES FOR MAKING CLASS CERTIFICATION DECISIONS

■ On appeal to the trial court, the Mackey–Behr Appellants alleged that the

---

6. Act of June 26, 1931, P.L. 1379, *as amended*, 72 P.S. § 5349(c). This legislation was precipitated, at least in part, by the decision of the United States Court of Appeals for the Third Circuit in *Garrett v. Bamford*, 538 F.2d 63 (3d Cir.) (*Garrett I*), *cert. denied*, 429 U.S. 977, 97 S.Ct. 485, 50 L.Ed.2d 585 (1976). In *Garrett I*, the Third Circuit held that property owners, who alleged that the Board of Assessment Appeals of Berks County (a county of the third class) had assessed property values in a discriminatory fashion, could maintain an action for injunctive and declaratory relief in federal court when Pennsylvania law failed to provide an adequate remedy for class action challenges to tax assessments. *See also Garrett v. Bamford*, 582 F.2d 810 (1978) (*Garrett II*).

7. The whole notion of a class action suit and certification in a tax assessment appeal is some-

what paradoxical, and, thus, we find the following observation of the trial judge, Judge Lawrence E. Wood, to be rather insightful:

> Presumably one appeals from an assessment because one has been treated differently from all other persons similarly situated. It seems to me that such an approach is the very antithesis of a class action, which has as its predicate that all members of the class are being treated wrongly in the same fashion.

(*Opinion of the Trial Court*, 3/29/96, at 3.)

8. We may affirm an order of the trial court on grounds which are different from those relied upon by that court. *Township of Raccoon v. Municipal Water Authority of Aliquippa*, 142 Pa. Cmwlth. 508, 597 A.2d 757 (1991), *petition for allowance of appeal denied*, 530 Pa. 636, 606 A.2d 904 (1992).

Board was "without legislative and/or statutory authority to adopt rules of procedure."[9] ("Petition for Appeal [of Charles Mackey and Edward Behr] From the Denial of Class Certification Before the Board of Assessment Appeals" at 3.) The Mackey–Behr Appellants further requested that the court of common pleas review the Board's class certification decisions de novo. The trial court determined, however, that the Board did have the authority to establish and adopt its own procedures for class certification and held as follows:

> From this, I conclude that the procedure for establishing and hearing class actions in front of the Board of Assessment Appeals is up to the Board of Assessment Appeals. The procedure for certifying class actions in front of the Court of Common Pleas is up to the Court of Common Pleas.... I am therefore going to dismiss the appeal in this case....

(Opinion of the Trial Court at 2.) On appeal to this Court, the Mackey–Behr Appellants argue that the trial court erred in dismissing their appeal. We disagree.

▇▇▇ The only specific procedural mechanism, pursuant to which an individual may bring a class action suit **in a Pennsylvania court**, is Rule 1703(a) of the Pennsylvania Rules of Civil Procedure, which provides as follows:

**RULE 1703. COMMENCEMENT OF ACTION....**

(a) A class action shall be commenced only by the filing of a complaint with the prothonotary.

Pa. R.C.P. No. 1703(a) (emphasis added). However, as our Supreme Court held in *Appeal of Borough of Churchill*, 525 Pa. 80, 575 A.2d 550 (1990), the Pennsylvania Rules of Civil Procedure do **not** apply to tax assessment appeals, or to statutory appeals in general.[10] *See also Leasure v. Borough of Trafford*, 109 Pa.Cmwlth. 456, 531 A.2d 559 (1987). Furthermore, requiring that a class action tax assessment appeal be instituted by filing a complaint with a county prothonotary would directly contradict Section 933 of the Judicial Code, 42 Pa.C.S. § 933, as well as the provisions of the Third Class County Assessment Law and the General County Assessment Law,[11] which specifically establishes that the court of common pleas has **appellate** jurisdiction over tax assessment appeals. Moreover, a class action suit commenced by filing a complaint with the prothonotary pursuant to Rule 1703 of the Rules of Civil Procedure initiates an **original civil action**, and, of course, where an adequate and exclusive administrative remedy exists, that procedure must first be followed. *Lilian v. Commonwealth*, 467 Pa. 15, 354 A.2d 250 (1976). Thus, it is clear that Pa. R.C.P. No. 1703 does not apply to class certification in tax assessment appeals.

This, of course, begs the question: Who does establish the procedures for certifying a group of similarly situated property owners as a class in a tax assessment appeal?

In an analogous situation, in *Stevenson v. Department of Revenue*, 489 Pa. 1, 413 A.2d 667 (1980), our Supreme Court held that, pursuant to its enabling legislation, the

---

9. In their petitions to the trial court, Appellants generally allege that the Board's conduct constituted a variety of constitutional violations. Each of these arguments, however, hinge on whether the Board had the authority to establish and adopt rules for class certification purposes and thus, to be successful, require a finding that the Board lacked such authority.

10. In dismissing the purported class action appeals, the trial court stated:
   I am therefore going to dismiss the appeal in this case, and give the property owners the choice either of appealing their assessment valuations, or of commencing a class action in this Court, or both.
   (Opinion of the Trial Court at 2.) However, we disagree with this assertion. As noted, a class

action appeal of this type may not be commenced by filing a complaint with the Prothonotary. Furthermore, if the Appellants were now to appeal the Board's tax valuations, they would essentially be attempting to file a nunc pro tunc appeal, because all tax assessment appeals must be filed on or before September 1st of each year. Unfortunately for these Appellants, the time to challenge the Board's individual assessments has passed. *See Kaminski v. Montgomery County Board of Assessment Appeals*, 657 A.2d 1028 (Pa. Cmwlth.), *petition for allowance of appeal denied*, 542 Pa. 652, 666 A.2d 1060 (1995).

11. Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. §§ 5020–101 to 5020–602.

Board of Claims [12] had the general authority to adopt its own procedural regulations. In *Stevenson*, the Board of Claims had previously adopted the Pennsylvania Rules of Civil Procedure *in general* as its own rules of procedure. The Supreme Court held that this action by the Board of Claims also constituted an adoption of Rules 1701 to 1716, which specifically relate to the commencement of class action lawsuits and class certification, and, if it chooses to do so, may adopt the Pennsylvania Rules of Civil Procedure as its own rules of procedure. But, of course, it may likewise choose to tailor and adopt its own rules of procedure, which, in this case, is exactly what occurred.

■ Thus, pursuant to the Supreme Court's *Stevenson* decision, it is apparent that an administrative agency may adopt rules relating to class certification. *See also Smolow v. Commonwealth*, 131 Pa.Cmwlth. 276, 570 A.2d 112 (1990), *aff'd*, 527 Pa. 371, 592 A.2d 40 (1991).

Thus, because Section 8(c) of the Third Class County Assessment Law specifically requires county boards of assessment to hear class action tax assessment appeals, it is only logical to conclude that the board has the authority to take the steps necessary to handle such appeals—namely, establishing and adopting the rules necessary to carry out this legislative mandate.[13] In this case, the Board adopted a set of objective criteria for determining whether property owners are "similarly situated" for class certification purposes,[14] and we hold that the Board acted within its authority in doing so.[15]

■ Appellants further argue in their brief that "[t]he only issue presented before the lower court was whether or not the court should hear the appeals from the Board decisions concerning certification *de novo* or on a review basis." (Brief of Appellants at 11.) We do not believe that the trial court was under any obligation to review the Board's certification decisions de novo. Section 754 of the Local Agency Law, 2 Pa.C.S. § 754, provides as follows:

> **(a) Incomplete record.**—In the event a full and complete record of the proceedings before the local agency was not made, the court may hear the appeal de novo, or may remand the proceedings to the agency for the purpose of making a full and complete record or for further disposition in accordance with the order of the court.
>
> **(b) Complete record.**—In the event a full and complete record of the proceedings before the local agency was made, the court shall hear the appeal without a jury on the record certified by the agency. After hearing the court shall affirm the adju-

---

12. At the time, the Board of Claims was referred to as the Board of Arbitration of Claims.

13. This conclusion is also supported by the decision of the Third Circuit in *Garrett II*, wherein the court stated as follows: "Because [tax assessment appeals] may now be instituted at the agency level on behalf of a class, we believe that the constitutional right of appeal would apply to the class rather than to its members as individuals." *Garrett II*, 582 F.2d at 815. It logically follows, therefore, that if property owners are to appeal as a class, the class must be certified at some point prior to the taking of that appeal. *See supra* note 6.

14. In its opinion, the Board stated as follows:
The Board in making a determination as to whether the proponents of each appeal are 'similarly situated' for purposes of certifying any purported 'class' primarily considered whether the subject properties were similar (not identical) relative to the following criteria:
1. Overall square footage, unit type and layout, location, age and the extent and commonality of construction materials and amenities/improvements of the subject appeal and the purported remaining 'class' members.
2. Fair market value of the subject appeal and that of the purported remaining 'class' members.
3. Applicability of the purported remaining 'class' properties as comparables to the subject appeal.

(Board's Opinion at 4–5.) (Footnote omitted.)

15. As the trial court observed, this conclusion is also supported by our decision in *Tanglwood Lakes Community Association v. Pike County Board of Assessment*, 164 Pa.Cmwlth. 170, 642 A.2d 581 (1994), wherein we held that the trial court had the inherent power to permit or refuse discovery in tax assessment appeal cases where no specific law governed that issue. It logically follows that, given the absence of any specific statutory provision relating to the issue, this same discretion must be afforded to county boards of assessment appeals in rendering class certification decisions for class action appeals they receive.

dication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with the law, or that the provisions of Subchapter B of Chapter 5 (relating to practice and procedure of local agencies) have been violated in the proceedings before the agency, or that any finding of fact before the agency is not supported by substantial evidence.[16]

In this case, the Board conducted a hearing and made extensive findings on issues of class certification. The Board's opinion reflects that it performed a detailed analysis of the properties involved in order to determine which appellants were similarly situated. Thus, because of the extensive and complete record before the Board in this case, the trial court was not required to review the Board's class certification decisions de novo.[17]

## II. THE APPLICABLE STANDARD OF REVIEW FOR THE BOARD'S CLASS CERTIFICATION DECISIONS

■ Although we have not previously addressed this precise issue, where the record before the board is complete, it seems appropriate that the applicable standard of review for the class certification decisions of county tax assessment boards should be the same standard applicable to the class certification decisions of the courts of common pleas by an appellate court. In both situations, the class certification decisions of a lower tribunal are being considered at the first stage of appellate review. It just so happens that, in the case of class certification decisions by county boards of assessment, the first stage of appellate review lies with the court of common pleas.

The standard of review applicable to appeals from certification decisions of courts of common pleas was articulated by the Superior Court in *Janicik v. Prudential Insurance Company of America*, 305 Pa. Superior Ct. 120, 127, 451 A.2d 451, 454 (1982):

A lower court's decision concerning class certification is a mixed finding of law and fact entitled to 'appropriate deference' upon appeal.... 'Trial courts are vested with broad discretion in determining [the] definition of the class as based on commonality of the issues and the propriety of maintaining the action on behalf of the class.' ... Consequently, a lower court's order concerning class certification will not be disturbed on appeal unless the court failed to consider the requirements of the rules or abused its discretion. (Citations omitted.)

Similarly, the class action determination of a county board of tax assessment appeals should be given the same degree of deference and, where the record before the board on that issue is complete, should be reviewed by the trial court to determine only whether the board followed its own procedures or abused its discretion.

■ In the instant case, the Board followed the procedures it had established for class certifications. It conducted a hearing on the issue of class certification on December 2, 1994, which produced over 110 pages of testimony. Thereafter, in analyzing which appellants were similarly situated, the Board categorized the property owners by the municipalities in which the properties were located. The Board also broke down those categories further into the various developments located within those municipalities. Finally, the Board classified the dwelling

16. In *Wellsboro Area School District v. Tioga County Board for Assessment and Revision of Taxes*, 651 A.2d 592 (Pa.Cmwlth.1994), we held that the provisions of the Local Agency Law did not apply when inconsistent with existing provisions of the Fourth to Eighth Class County Assessment Law. With respect to class certification, however, no such inconsistent or even applicable statutory provisions exist, and the Local Agency Law seems to be the only appropriate statute for filling that void. The Second Class A and Third Class County Assessment Law provides only for de novo review of a board's **tax assessment** determinations.

17. We also note our decision in *City of Philadelphia v. Board of License and Inspection Review*, 139 Pa.Cmwlth. 240, 590 A.2d 79, *petition for allowance of appeal denied*, 529 Pa. 625, 600 A.2d 540 (1991). In that case, we held that, pursuant to Section 754(b) of the Local Agency Law, 2 Pa.C.S. § 754(b), the trial court erred by conducting a de novo review where there was a full hearing before the city board of license and inspection and where there was a full and sufficient record.

units situated within those developments according to the model type, square footage, and layout of the respective units. The complexity of the Board's task in this case should not be understated. For instance, just for the tax assessment appeals filed by property owners in the Hershey's Mill development of East Goshen Township, the Board had to sort through sixty-six different unit models located within the seventeen different villages which comprise that development.[18]

The Board subsequently applied the criteria it had established for determining whether property owners are similarly situated, and issued a determination detailing the grounds for its certification decisions. After carefully reviewing the Board's lengthy decision, it is evident that the Board administered the class certification process in a thorough and conscientious manner. Consequently, we do not believe that the Board abused its discretion in this regard.[19]

## III. WHETHER THE COURT OF COMMON PLEAS SHOULD HAVE REVIEWED THE BOARD'S TAX ASSESSMENT DETERMINATIONS DE NOVO

Appellants also argue in their brief that the trial court erred in dismissing their appeal and "refusing to hear the tax appeals de novo." (Brief of Appellants at 6.) It is hard to discern from their brief, however, to which appellants they specifically refer. Consequently, we will address this issue with respect to both the Mackey–Behr and Ramage Appellants.

### The Mackey–Behr Appellants

With respect to the Mackey–Behr Appellants, the validity of the Board's tax assessment determinations was never before the court of common pleas. The relief requested by the Mackey–Behr Appellants in

their petitions to the trial court, which are identical for all twelve of the appeals, was as follows:

WHEREFORE, Petitioners respectfully request that This Honorable Court strike the class action rules and standards adopted by the Board of Assessment Appeals, overrule the Board's decision denying class certification and remand the appeal for hearing as a class or, in the alternative, hear the appeal de novo as a class action tax assessment appeal.

("Petition for Appeal [of Charles Mackey and Edward Behr] From the Denial of Class Certification Before the Board of Assessment Appeals" at 8.) Nowhere in any of these petitions did Appellants challenge the actual tax assessments determined by the Board. The petitions also do not contain any averments relating to the Board's calculation of the appellants' individual tax assessments. Rather, the petitions challenge only the Board's class certification determinations, including the Board's ability to make such determinations in the first place, and its ability to adopt class certification procedures. Furthermore, the petitions clearly indicate that the Mackey–Behr Appellants appealed only from the Board's February 10, 1995 decision, wherein the Board made no specific tax assessment determinations.[20]

In *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974), our Supreme Court abolished the doctrine of basic and fundamental error and held that issues which are not raised in the trial court may not subsequently be addressed on appeal. Consequently, issues not properly preserved below are deemed to have been waived. *See Marx Stationery & Printing Co. v. Redevelopment Authority*, 675 A.2d 769 (Pa.Cmwlth.1996).

18. The total number of units within this development is approximately 1,200.

19. We also note that the fact Appellants **never objected** to the Board's class certification procedural rules strongly calls into question whether they even preserved this issue for appeal to the trial court. Thus, the only issue truly before us is whether the Board had the authority to promul-

gate the rules in the first place rather than the actual substance of those rules. *See Wing v. Unemployment Compensation Board of Review*, 496 Pa. 113, 436 A.2d 179 (1981).

20. We also note that these petitions were styled, "Petition From Denial of Class Certification Before the Board of Assessment Appeals."

The Mackey–Behr Appellants did not present the issue of the validity of their individual tax assessments to the trial court, and, thus, they waived that issue for the purpose of appellate review in this Court, as well as before the court of common pleas.

### The Ramage Appellants

The Ramage Appellants, on the other hand, did raise the issue in their petitions to the trial court. By way of comparison, these petitions provide in pertinent part as follows:

6. The assessment of the Petitioner's property is not in proportion with the true common-level ratio to the fair market values. Specifically, the taxing authorities have failed to effectuate the annual assessment and valuation of real property required by the Pennsylvania General County Assessment Law....

. . . .

8. The assessment as determined by the Board of Assessment Appeals, is not in proportion with the current common level ratio to the property's fair market value and violates Petitioner's statutory and [c]onstitutional rights, including, but not limited to, due process and uniformity.

9. The conduct of the Board of Assessment Appeals violates Petitioner's statutory and [c]onstitutional rights including, but not limited to, uniformity by failing to properly apply the taxing statutes, lowering other assessments within the county, failing to assess identical/comparable properties on an equal basis, and failing to conduct regular and systematic revaluations through statutorily required reassessment.

WHEREFORE, your Petitioners pray this Honorable Court to fix a time for hearing of the class appeal from the action by the Board of Assessment Appeals and, following such hearing, grant relief from the grievances contained herein including, but not limited to, awarding the assessment reductions requested.

("Tax Assessment Appeal [of Ramage] From the Decision of the Board of Assessment Appeals of Chester County, Pennsylvania" at 3–5.) It is clear, therefore, that the Ramage Appellants did appeal from the Board's tax assessment determinations to the trial court. Thus, the trial court should have considered the merits of the Ramage Group's tax assessment appeals in accordance with Section 9 of the Third Class County Assessment Law, which provides in pertinent part:

(a) In any appeal of an assessment the court shall make the following determinations:

(1) The market value as of the date such appeal was filed before the board of assessment appeals....

(2) The common level ratio which was applicable in the original appeal to the board....

(a.1) The court, after determining the market value of the property pursuant to subsection (a)(1), shall then apply the established predetermined ratio to such value unless the corresponding common level ratio determined pursuant to subsection (a)(2) varies by more than fifteen percent from the established predetermined ratio, in which case the court shall apply the respective common level ratio to the corresponding market value of the property.

72 P.S. § 5350(a)(1)-(2), (a.1).

## IV. CONCLUSION

Because we find that the Mackey–Behr Appellants' challenge to the Board's authority to make class certification decisions is without merit, and because the Board followed its own procedures and did not abuse its discretion in making such decisions, we hold that the order of the trial court was proper to the extent it dismissed those appeals. We also hold that the validity of the Board's tax assessments with respect to the Mackey–Behr Appellants was never presented to the trial court and therefore the trial court correctly did not address the issue. Finally, we hold that the trial court erred in dismissing the consolidated appeal to the extent that, in so doing, it failed to address the merits of the Ramage Appellants' tax assessment appeals.

Accordingly, with respect to the appeals docketed below as 95–03216, 95–03217, and 95–03218, we vacate the order of the trial court and remand those matters for further proceedings on the merits of the tax assessment appeals; but we affirm the order of the trial court in all other respects.

## ORDER

NOW, January 6, 1997, the order of the Court of Common Pleas of Chester County in the above-captioned matter is hereby affirmed in part, and vacated and remanded in part:

With respect to the appeals which, before being consolidated, were docketed as 95–02329, 95–02330, 95–02331, 95–02332, 95–02333, 95–02334, 95–02335, 95–02336, 95–02337, 95–02338, 95–02339, and 95–02340, the order of the Court of Common Pleas of Chester County is hereby affirmed.

With respect to the appeals which, before being consolidated, were docketed below as 95–03216, 95–03217, and 95–03218, the order of the Court of Common Pleas of Chester County is hereby vacated, and the cases are remanded for further proceedings on the merits of the tax assessment appeals.

Jurisdiction relinquished.